Cowan vs. Lindsay.

COWAN vs. LINDSAY.

(1.) *Dower.*    (2.) *Evidence.*    (3.) *Statute of Limitations.*

1. One entitled to dower in lands adversely occupied may sue therefor without demand previously made, but is not entitled to damages for the withholding of the possession before suit commenced.

2. After seven years have elapsed without intelligence of one who has absented himself from his family, the presumption of life ceases; and if no other evidence is introduced on that point, the court should proceed on the presumption of his death, without submitting the question to the jury.

Cowan vs. Lindsay.

3. Possession under a sheriff's deed purporting to convey merely the interest which the judgment debtor had on a certain day, is *not adverse* to the dower right of one who was wife of such debtor before that day; and the statute of limitations does not run against her in such a case.

APPEAL from the Circuit Court for *Winnebago* County.

This is an action to recover a dower interest in certain real estate. No formal demand that such dower be assigned was made before the action was commenced. The plaintiff claims as the widow of one Frederick Preston. The evidence is that she intermarried with Preston, October 9th, 1847, at Delavan, in this state, and resided with him at Oshkosh until the April following, when Preston took her to the residence of her father in Walworth county, and left her there under the pretence that he was going to Milwaukee to buy a stock of goods. She never saw him or received any communication from him after that time. The plaintiff's father received a letter from Preston written about two weeks after he left, dated at Iowa City, stating that he was on the way to Mexico, and enclosing certain promissory notes owned by him, to be collected and the proceeds to be applied to the support of the plaintiff. It also appears that there was a rumor a year or two after Preston left, that he went from Wisconsin to Indiana, where he married another woman and lived with her a few months, when he left her and was never again heard of, except that there was a rumor that he died in the Auburn state prison in 1850 or 1851. But these were mere rumors, not shown to rest upon any tangible foundation. Preston was probably between forty and forty-five years of age when he married the plaintiff. This action was commenced December 29th, 1870.

The defendant claims the land in question by virtue of a sheriff's deed thereof, executed pursuant to a sale upon an execution against Preston. Such execution was issued upon a judgment duly recovered in the circuit court for Winnebago county by the defendant against Preston, April 13th, 1849. The sheriff's deed bears date October 2d, 1851, and the defend-

ant has been in the actual possession of the land described in it, claiming to hold the whole thereof by virtue of such deed, exclusive of any other right, ever since the date of the deed.

The sheriff's deed is not in the bill of exceptions, but the statements contained in the bill, and the answer of the defendant are to the effect that the sheriff sold on the execution, to the defendant, "all the title which the said Frederick Preston had in said premises on the 13th day of April, 1849, which then was in fee simple," that the usual certificate of sale was given, and that the sheriff's deed purports on its face to have been executed in pursuance of such sale and certificate, and is in the usual form.

The court was requested by the defendant to submit the question of fact to the jury as to whether Preston was dead or alive. This request was denied. The court also refused to give the following instruction: "If you find that for all the time since the year 1857, the defendant has been in possession of this land claiming title to the same in fee, exclusive of any other right, founding such claim upon the sheriff's deed introduced in evidence in this case, and that Frederick Preston died before 1857, then your verdict should be for the defendant."

It should be stated that the defendant set up in his answer the statute of limitations as a defense, and that he proved an actual possession thereof since before 1857, of the character described in sec. 7, ch. 138, R. S. (Tayl. Sts., 1623, § 7.)

The court instructed the jury that the plaintiff was entitled to recover, and she had a verdict, upon which judgment was afterwards duly entered, for the recovery of her dower interest in the lands in question. The defendant appeals.

*Moses Hooper*, for appellant.

*S. U. Pinney*, of counsel for respondent.

LYON, J. We think that the bringing of the action is a sufficient demand of her dower by the plaintiff, and that the right to maintain the action does not depend upon a previous

demand therefor. The only effect of the want of such previous demand is to relieve the defendant from the liability to pay damages for withholding such dower interest, up to the time when the action was commenced. Tayl. Sts., 1161, § 25.

It is undisputed that the plaintiff was lawfully married to Preston, that Preston was seized of the lands in question, in fee simple, during the coverture, and that the plaintiff has never released her dower interest therein. If, therefore, Preston died before this action was brought, the plaintiff is entitled to recover such dower interest unless she is barred by the statute of limitations.

Does the evidence demonstrate that Preston is dead, so clearly or conclusively that the court was justified in taking that question from the jury? This is the first question to be determined.

The rule of law applicable to this question, and by which it must be decided, is thus stated by Professor Greenleaf in his treatise on the law of evidence, in vol. 1, § 41 : " Where the issue is upon the life or death of a person, once shown to have been living, the burden of proof lies upon the party who asserts the death. But after the lapse of seven years, without intelligence concerning the person, the presumption of life ceases, and the burden of proof is devolved on the other party." Although there are some *dicta*, and, perhaps, some adjudications to the contrary to be found in the books, yet, the rule as above stated is too firmly settled to be now disturbed. Many of the cases which hold this rule are cited in the notes of the above section in 1 Greenl. Ev.

In this case the evidence is conclusive that Preston had been absent from his home or place of residence more than twenty-one years before the action was commenced, and that there had been no intelligence respecting him for about twenty years. This was *prima facie* evidence that he was dead, and cast the burden of proof upon the defendant to show that he was living. The defendant failed to introduce any testimony tending to

prove that fact. Hence, it became a verity in the case that Preston was dead, and the court properly so held. Had there been any testimony tending to show Preston living within the seven years next before the action was commenced, the question as to whether he was living or dead would have been a proper one for the jury, but in the absence of such testimony there was nothing for the jury to pass upon.

Is the action barred by the statute of limitations? This question must be answered in the negative. The learned counsel for the defendant claims that because the defendant has had the requisite possession of the lands described in the complaint for more than ten years since the death of Preston, or since the time when it is to be presumed that he was dead, claiming title thereto exclusive of any other right, by virtue of the sheriff's deed, such possession is adverse to the plaintiff, and her action is barred by the statute. *Tayl. Sts.*, 1622–3, §§ 6 and 10. It was held in the recent case of *McEvoy v. Lloyd*, 29 Wis., that the statute could not be successfully invoked to protect the person in possession, unless the premises claimed were included in the written instrument or judgment upon which the occupant founds his claim. That case is decisive of this question. The sheriff's deed only purports to convey the interest in the premises which Preston, the judgment debtor, had on a certain day. It does not include the plaintiff's dower interest, and hence cannot be made the basis of an adverse holding of her dower interest in the premises, so as to bar her right of action to recover the same after the lapse of ten years, by virtue of the statute above mentioned.

These views render it unnecessary to consider whether the statutes of limitation would have run against the plaintiff's claim for dower had the conveyance under which the defendant claims, by its terms, included such dower interest. The questions which we have considered and determined are controlling ones in the case, and we deem it quite unnecessary to pass upon some points of minor importance which were discussed some-

what in the argument, any further than to say that we find nothing in the case which will justify this court in disturbing the judgment of the circuit court.

*By the Court.*—Judgment affirmed