Case 22—PETITION EQUITY, Transferred to Common Law
Docket—October 13.

# Louisville School Board v. Bank of Kentucky.

#### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. Constitutional Law—Escheats.—The Legislature has no power to authorize a corporation or private citizen to sue for and recover money or property of one in the rightful possession thereof because it has no real owner, or upon the presumption, by reason of the lapse of time, that no owner exists, and to hold it as a gift from the State, leaving the bailee responsible to the real owner, if he should appear, and requiring both to look to the donee of the State for its value. Such legislation changes the legal status of the parties without their consent, and is in violation of the Constitution.

   The act of April 22, 1882, amending article 1, chapter 36, General Statutes, is, therefore, unconstitutional, in so far that it vests certain bank deposits in the Board of Trustees of the public schools; and the defect in that act is not cured by the act of 1884, amending the general law of escheats.

2. Same.—While there is no objection to the validity of the statute authorizing the presumption of death, and the non-existence of heirs or devisees to take the estate, where no claim has been asserted or heirs heard of for the period mentioned in the statute, the presumption may be overcome by testimony showing that persons are living who are entitled to the estate, or who have been or are asserting claim to the property as the lawful heirs of the decedent; and where there are such claimants they should at least be brought before the court.

3. Issue Triable at Law.—If the statute were valid and the title to the money sued for vested in the appellant by reason of the lapse of time, and the presumption arising from the facts mentioned in the statute, there would be no reason why the issue could not be tried at law.

RANDOLPH H. BLAIN for appellant.

1. Chancery has jurisdiction in escheat cases by the common and statute law. (Kentucky Code, sec. 6; Burgess v. Wheat, 1. Wm. Bl., 131; Ky. St., M. & B., 1261-620; Rev. St., vol. 1, p. 458; Gen. St., 404, art. 1, 2, 3, 4; Commonwealth v. Blanton's Ex'r, 2 B. M., 400; Gen. Acts, 1881, p. 108.)

2. School board is subrogated to the rights of the State as to property in Louisville subject to escheat. (Acts March 24, 1851; February 28, 1860; February 8, 1861; March 3, 1870; Elliott's Charter, 424, 189, 312; Lucas Charter, 37; Auditor v. Board, 80 Ky., 342.)

3. Right of the Legislature to create a rule of evidence. (Cooley on Constitutional Limitations, 288, 367, 369.)

GOODLOE & ROBERTS FOR APPELLEE.

Cite: Bank of Louisville v. Board of Trustees of Public Schools, 7 Ky. Law Rep., 185.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The case of the Bank of Louisville v. Board of Trustees of Public Schools, 83 Ky., 219, involved a question similar to the one raised in this case, and the act under which the school board asserted its right to the money was held to be unconstitutional.

The passage of an act amending the Statute of Escheats, that was not in force when the case referred to was disposed of in the court below, creates the distinction, if any exists, between that case and the one now being considered.

The original act, that was local in its character, and applied alone to the city schools of Louisville, compelled the bailee, or the bank that had received the money on deposit, to pay the same over to the trustees of the school board in the event the real owner had not been heard of for eight years, and release the State from all responsibility to the real owner or to his heirs, or to the bailee, in the event the owner appeared to assert his rights. The State had, in fact, under the statute, vested the title to property belonging to another in the schools of Louisville, without regard to the rights of the bailee, and with no remedy by the latter or the owner against any one, except the corporation in which the title was by the statute attempted to be vested.

The general law with reference to escheats was amended in April, 1884, reciting that "when any per-

son owning property lying or found in this Commonwealth is not known to be living for seven successive years, and no account can be given whatever of such owner, his heirs, devisees or distributees, such person shall be presumed to have died without heirs, devisees. or distributees, and his property shall vest in the Commonwealth without office found, subject to the right of the owner, his heirs or devisees, to be reimbursed for such property when such claim is established as provided by the law of escheat." By section 3 of the act, it is to take effect and be in force from its passage; and all acts or parts of acts in conflict with it are hereby repealed.

Under the original Statute of Escheats, as well as the amendment, the State is compelled to refund to the owner the amount of money paid into the Treasury by reason of the escheat; but when passing the act for the benefit of the schools of Louisville, the corporation known as the school board was made responsible to the owner and not the State; and the object of the amendment of April, 1884, was doubtless to make the State responsible, although the money had never gone into the Treasury.

The act of 1884 was an amendment to the general law of escheat, and did not affect the local act applicable to the city of Louisville; if it did, the effect would be a repeal of the local law, and, therefore, the right to institute the action would be in the State and not in the trustees or corporation.

That act (the local act) stands unrepealed, and requires the bank and the owner to look to the city and not the State for the money to which they are or might be entitled.

While the high schools of the city or the trustees of the bank may assume the responsibility, the State has no power to make these trustees the debtors of either the real owner or the bailee; and we find the same obstacle in the way of a recovery here that existed in the case heretofore decided.

Besides, while under the ancient rule of practice the remedy for the sovereign who claimed the property because there was no heir or devisee was in a court of equity, if, by the statute, the presumption arises that the party is dead, and left no heirs or devisees after the lapse of seven years without being heard from, the title vests in the State, we see no reason why an action at law may not be maintained for its recovery by the State or the party authorized to bring the action. If the title to the money or the right to it was vested by the lapse of time, and the presumption arising from the facts mentioned, in the corporation known as the Louisville school board, then we see no reason why the issue could not be tried at law, and, therefore, the transfer from the chancellor to the common pleas court was not improper.

When it reached the common pleas court the right to a jury was waived, and the case heard on the law and facts.

There was conflicting testimony as to the existence of those who might claim, or were, in fact, the heirs of the persons whose property the State claimed, and on a special finding the court determined that the proof was not satisfactory on that subject, and, therefore, refused to render the judgment for the appellant.

While we perceive no objection to the validity of the

statute authorizing the presumption of death and the non-existence of heirs or devisees to take the estate, when no claim has been asserted or heirs heard of for the period mentioned in the statute, the presumption may be overcome by testimony showing that persons are living who are entitled to the estate, or who have been or are asserting claim to the property as the lawful heirs of the decedent. Under such a state of case, they ought at least to be brought before the court, where they may assert their claims before a judgment is rendered giving their property to a stranger. The judge below was of the opinion that the (two) decedents left those entitled as heirs-at-law to the money in controversy, and we would not be disposed to disturb his finding, even if the validity of the statute was not involved.

When the money is paid into the Treasury and becomes a part of the State's finances it may be disposed of under legislative authority when not in violation of the organic law; but to authorize a corporation or private citizen to sue for and recover of one in the rightful possession, that character of money or property, because it has no real owner, or on the presumption by reason of the lapse of time that no such owner exists, and to hold it as a gift from the State, leaving the bailee responsible to the real owner, if he should appear, and requiring both to look to the donee of the State for its value, is changing the legal status of the parties without their consent, and a character of legislation in plain violation of the Constitution.

The judgment is therefore affirmed: First, because the act is unconstitutional; second, because the court

below has adjudged that there are those living who are entitled to the estate.

———

To a petition for rehearing Chief Justice PRYOR delivered the following response of the court:

In response to the petition for rehearing we can only say, that no action can be prosecuted by the city schools against a stranger or a third party to recover property subject to escheat, because the property is held by the schools on the condition that the owner or the bailee is to look alone to the trustees for indemnity. The contract rights of the parties are affected by such legislation, and it must, for that reason, present an insuperable barrier to the recovery, whether in the name of the board or in the name of the Commonwealth, for their benefit. That the money is claimed by a department of the State government affords no argument for the right to maintain the action; but it does authorize a recovery against the Treasury when the money becomes a part of the finances of the State.

The controversy in the case of Board of Trustees of Male High Schools v. The Auditor, 80 Ky., 336, was between the State and the board of trustees. The donation had been made by the State, and no constitutional question was raised or could have been made; the only question being "to what department of the State government the money should be applied, leaving the owner or bailee to assert their rights under the general law of escheat."

Petition overruled.