CASE 97—PETITION ORDINARY—OCTOBER 30.

# Perkins, &c., v. Coleman, &c.

APPEAL FROM HENDERSON CIRCUIT COURT.

|  |  |
|---|---|
| 90 | 611 |
| 91 | 3 |

|  |  |
|---|---|
| 90 | 611 |
| 112 | 682 |

1. ESTOPPEL—AGREEMENT RUNNING WITH LAND.—Where an estoppel affects merely the consciences of the parties it does not protect strangers to the transaction, but where it works an interest in land it runs with the land, and is a title. Therefore, in an action of ejectment the defendant may show that the plaintiff has parted with his title by estoppel, although defendant was neither party nor privy to the transaction relied upon as an estoppel.

2. SAME.—Where a vendor conveys, or agrees to convey, a good and sufficient title, and not merely his present interest in land, the agreement runs with the land; and if the vendor has no title to the land at the time of the conveyance, but subsequently acquires the title, it is immediately transferred by the law of estoppel to the vendee and his privies, and in an action of ejectment by the vendor the defendant, although an entire stranger to the transaction, may rely upon it to show that the plaintiff has no title.

JOHN YOUNG BROWN, MONTGOMERY MERRITT FOR APPELLANTS.

None but parties and privies can plead an estoppel. Terry would be estopped as to Dunham, or any one claiming under him, but not as to strangers. (Herman on Estoppel, vol. 1, sec. 20; *Idem*, vol. 2, secs. 586, 680; Mershom v. Mershom, 9 Bush, 639; Brown v. Griggs, 1 J. J. M., 27; Bank of Utica v. Merseeraux, 49 Am. Dec., 197, Comstock v. Smith, 23 Am. Dec., 670.)

S. B. & R. D. VANCE FOR APPELLEES.

A covenant of general warranty in a deed not only estops the grantor and his heirs from setting up an after-acquired title, but has the effect of actually transferring the new estate in the same manner as if it had originally passed by the deed. (Rawle on Covenants, 4th ed., pp. 389, 392, 404; 2 Smith's Leading Cases, 6th ed., pp. 723, 724; Massie v. Sebastian, 4 Bibb, 433; Logan v. Steele's Heirs, 4 Mon., 430; Dickerson's Heirs v. Talbott's Ex'rs, 14 B. M., 60.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

N. G. Terry owned an undivided interest in the land in controversy, and, conveyed the whole of it

to Horace Dunham by deed of general warranty. Thereafter Terry inherited that part of the land that he did not own, and this action of ejectment is brought by Terry's heirs to recover the possession of that part of the land thus inherited from the appellee. He resists the right of the appellants to recover the said. land upon the ground that the title that Terry inherited was transferred to his vendee by estoppel. The appellants contend that the doctrine of estoppel does not protect strangers to the transaction; but only the parties and privies are bound thereby; and as the appellee is neither party nor privy, he can not avail himself of the estoppel that would bar the appellants' right as against Dunham or his privies.

It is true that where the estoppel merely affects the consciences of the parties, and not the title, it does not operate on strangers to the transaction; but where it "works an interest in the land" conveyed, "it runs with it, and is a title." Where it clearly appears from the writing that the vendor has conveyed, or agrees to convey, a good and sufficient title, and not merely his present interest in the land, the agreement runs with the land, and repeats itself every day; and if the vendor, at the time of the conveyance, has not title to the land, but subsequently acquires the title, it, "*eo instante*," inures to the benefit of the vendee and his privies. In other words, it is immediately transferred by the law of estoppel to the vendee and his privies, because by the contract, which daily repeats itself, the vendor's title, whenever acquired, is transferred to the vendeee and his privies; consequently, a stranger to the transaction, in an action of ejectment by the ven-

dor against him, where he must recover upon the strength of his title, and not upon the weakness of his adversary, may show that he has thus parted with his title.

The judgment is affirmed.