FALCK, Respondent, vs. MARSH, Appellant.

*October 25 — December 11, 1894.*

*Ejectment: Counterclaim for improvements: Grantee of life tenant by quitclaim deed: Adverse possession.*

In ejectment the grantee of a life tenant by quitclaim deed cannot counterclaim for the value of improvements made and taxes paid by him while holding under such deed, as against the owner of the fee. Such a deed cannot be made the basis of an adverse holding of the fee in remainder.

APPEAL from the Circuit Court for *Brown* County.

Ejectment. One Sarah Perrin, who died intestate in March, 1865, was the owner of the premises in question at the time of her death. She left surviving her a husband, Michael Perrin, and five children. Michael died August 26,

1891. In February, 1893, the plaintiff acquired by deed from all the heirs at law of Sarah Perrin the title in fee of the premises. The defendant was then in possession, and had been so for some years, claiming under a deed from Michael Perrin and his then wife, dated February 2, 1886. This deed was in substance a quitclaim deed by which Michael granted, bargained, sold, remised, released, and quitclaimed to the defendant *all the estate, right, title, claim, and demand of the parties of the first part* in and to the premises in controversy, and contained no covenants except as against the acts of the grantors themselves. Upon the trial the plaintiff's title was not disputed, but the defendant made a claim for taxes paid and improvements made upon the premises while holding under said deed from Michael Perrin, under the provisions of sec. 3096, R. S., and offered the deed in evidence, and offered to prove the value of improvements made and the amount of taxes paid by defendant on the premises while holding under said deed. These offers were all rejected, and a verdict directed and rendered for the plaintiff for the recovery of the land, and damages for its detention since the death of Michael Perrin. From judgment on this verdict the defendant appeals.

*T. R. Hudd*, for the appellant, cited *Barrett v. Stradl*, 73 Wis. 385.

For the respondent there was a brief by *Greene & Vroman*, and oral argument by *C. E. Vroman*. They argued, *inter alia*, that the defendant's grantor, having a life interest only, could not hold the premises adversely as against those entitled to the remainder, nor could his grantee during the continuance of the life estate. *Pinckney v. Burrage*, 31 N. J. Law, 21; *Carpenter v. Denoon*, 29 Ohio St. 379, 398; *Christie v. Gage*, 71 N. Y. 189; *Dupon v. Walden*, 84 Ga. 690; *Taylor v. Kemp*, 86 id. 181; *Austin v. Brown*, 37 W. Va. 634; *Barrett v. Stradl*, 73 Wis. 385. Nor could the

life tenant, or his grantee, recover for improvements made or taxes paid during the continuance of the life estate. *Barrett v. Stradl*, 73 Wis. 385; *Phelan v. Boylan*, 25 id. 679, 686. When an adverse holding is founded on a written instrument as constituting color of title, such instrument must on its face purport to convey a fee. *Coleman v. Billings*, 89 Ill. 183, 190; *Murphy v. Doyle*, 37 Minn. 113, 116; *Kruse v. Wilson*, 79 Ill. 233, 240; *Bride v. Watt*, 23 id. 507; *Wood v. Conrad*, 2 S. Dak. 334; *Parrish v. Jackson*, 69 Tex. 614; *Wiesner v. Zaun*, 39 Wis. 188; *Furlong v. Garrett*, 44 id. 111, 120; *Cowan v. Lindsay*, 30 id. 586. · A purchaser by quitclaim deed cannot be a *bona fide* purchaser, but takes with notice of such outstanding title or interests in other persons in the land as may exist. *Tram Lumber Co. v. Hancock*, 70 Tex. 312; *Johnson v. Williams*, 37 Kan. 179; *O'Neal v. Seixas*, 85 Ala. 80; *Gest v. Packwood*, 34 Fed. Rep. 368; *Oliver v. Piatt*, 3 How. 410; *May v. Le Claire*, 11 Wall. 217; *Villa v. Rodriguez*, 12 id. 323; *Dickerson v. Colgrove*, 100 U. S. 578; *Baker v. Humphrey*, 101 id. 494; Warvelle, Vendors, 615; *Dodge v. Briggs*, 27 Fed. Rep. 167; *Hastings v. Nissen*, 31 id. 597; *Martin v. Morris*, 62 Wis. 418, 428.

WINSLOW, J. The sole question presented is whether, in ejectment, the grantee of a life tenant by quitclaim deed can counterclaim for the value of improvements made and taxes paid by him on the premises while holding under such deed, as against the owner of the fee. The circuit court ruled that he could not, and, we think, correctly so -ruled. The statute (R. S. sec. 3096) only allows such claims when made by a party in possession, who has made such expenditures (1) while holding adversely by color of title (2) asserted in good faith, (3) founded on descent or any written instrument. At least one of the above requisites is entirely lacking in the case at bar, and that is the element

of adverse holding. It is well settled that a grantee in possession under a deed from the life tenant does not hold adversely to the remainder-man during the lifetime of the life tenant. If he hold under a warranty deed purporting to convey the whole estate, he may, under proper proof, be held to hold adversely after the death of the life tenant. *Barrett v. Stradl*, 73 Wis. 385. In the present case, however, the defendant does not hold under a warranty deed, or a deed purporting to convey the whole estate, but only under a quitclaim deed purporting to convey the interest of the life tenant. Such a deed manifestly cannot be made the basis of an adverse holding of the fee in remainder, because it does not purport to convey the remainder. *McEvoy v. Loyd*, 31 Wis. 142; *Cowan v. Lindsay*, 30 Wis. 586. The judgment of the court below was clearly right.

*By the Court.*— Judgment affirmed.