## Duncan v. Glore, et al.

(Decided September 28, 1920.)

### Appeal from Oldham Circuit Court.

1. Specific Performance—Objection to Title.—Although a purchaser of land cannot be compelled to take a doubtful title, he will not be permitted to object to a title on account of a bare possibility that it will prove defective.

2. Specific Performance—Presumption of Death.—Where, in an action to enforce the specific performance of a contract for the sale of land, it is alleged by the vendor and established by proof that one who, if living, would be the owner of an interest in the land had, before its sale, departed from her place of residence in this state and not returned to the state or been seen or heard from for seven successive years, the court, in the absence of proof showing that she was alive within that time, was authorized to presume and adjudge her dead.

G. W. PEAK and S. E. DeHAVEN for appellant.

J. BALLARD CLARK for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

May 8, 1919, the appellees, J. Wilson Clore and Millie Glore, man and wife, by a contract in writing, sold and agreed to convey by deed of general warranty to the appellant, Bruce A. Duncan, a tract of land in Oldham county containing 183 acres, owned by them, in consideration of the promise of appellant to pay them therefor $20,000.00; of which sum $6,000.00, was to be paid upon the delivery of the deed and for the remaining $14,000.00, he was to execute to appellees his fourteen promissory notes of $1,000.00 each, payable from one to fourteen years after date, respectively, all bearing six per cent interest from date, payable annually; and all to be secured by the retention in the deed of a vendor's lien on the land. Within the time specified by the contract of sale, appellees ex-

ecuted, acknowledged and tendered appellant a deed of conveyance to the land sold him, which admittedly conformed in all respects to the terms of the contract of sale; and at the time of such tender demanded of appellant the cash payment and notes constituting the agreed consideration for the land; but the latter refused to accept the deed, make the cash payment of $6,000.00 or to execute the fourteen notes for the remainder of the consideration as agreed, on the ground that the deed tendered him by appellees would not invest him with a merchantable title to the land described therein, as required by the contract of sale. Thereupon appellees brought this action against appellant in the Oldham circuit court to compel of him a specific performance of the contract by which the land was sold him.

Appellant's answer set up in appropriate terms the alleged defect in the title to the land attempted to be conveyed him by the deed tendered by appellees, and the averments of the answer were traversed by reply, following which the case was submitted upon the pleadings and an agreed written statement of the facts pertinent to the only issue involved. By the judgment rendered the circuit court held that the deed tendered appellant by appellees would convey him a good and merchantable title to the land in question and required him to specifically perform the contract of sale according to its terms. He complains of the judgment and has appealed.

Before inserting in the opinion the agreed statement of facts, in order that they may be understood, it will be necessary to state the source and nature of appellees' title to the land. The land and other tracts originally belonged to one James H. Button, who died in 1889, testate, survived by his wife and several children. By his will, which was duly admitted to probate, the lands of the testator were devised to his widow for life with remainder at her death to his children and the children of such of them as might then be dead. Among the children of the testator was a daughter Hattie who married a man by the name of Wells by whom she had two children, a son, Brent Wells, and a daughter whose name is alleged to be unknown. Hattie Wells died before her father, survived by the two children, and the daughter when five years of age was taken by her father from the state of Kentucky fifty-four years ago and has not been seen or heard of or from by any of her relatives or other persons since she left the state. The son remained in Kentucky and grew to manhood in Oldham county.

The widow of James H. Button died in 1905 and thereafter suit was brought by the testator's children and devisees in remainder, to settle his estate and obtain a sale of the lands for distribution of the proceeds among them as provided by his will. One of the devisees, E. N. Button, and the Oldham Bank of LaGrange were made defendants to the action; the bank because of its having a mortgage upon the interest of E. N. Button in the land. The facts regarding the removal of the daughter of Hattie Wells from this state and that she had never been heard from or seen since her departure from the state by any of her relatives, or other persons therein, were set up in the petition and it was alleged that she was dead. With all the parties in interest, except the granddaughter presumed and alleged to be dead, before the court, a decree was rendered directing a sale of the lands and distribution of the proceeds among the devisees, but further directing, that the proceeds of E. N. Button's interest therein be applied to the payment of the mortgage debt of the Oldham bank. The sale by a commissioner of the lands followed and the tract here involved was purchased by appellees and thereafter conveyed them by the commissioner, the deed being duly approved by the court. The agreed facts are as follows:

"It is agreed by the parties hereto that the statements herein stated are the true facts in this case:

"That Hattie Wells, who was a daughter of James H. Button, died many years ago, a resident of Oldham county, Kentucky, and that she had two children, to-wit: a son Brent Wells, and a daughter, whose name is unknown, and that the said Hattie Wells died before her said father; that said daughter whose name is unknown left the state of Kentucky fifty-four years ago at the age of five years, and has not been seen or heard of or heard from by any of her relatives, acquaintances or any other person since she left the state fifty-four years ago.

"And it is further agreed that in the suit to settle the estate of the said James H. Button, the share of the said daughter, whose name is unknown, was paid to her brother, Brent Wells.

"And it is further agreed that at the time of the institution of the said suit in 1905 the said daughter whose name is unknown had been absent from the state of Kentucky, and had not been heard of or heard from and had not been seen by any of her relatives or acquaintances for more than thirty years; and that since her said dis-

appearance fifty-four years ago no one has heard or known anything of her whereabouts.''

It is insisted for appellant that the alleged defect in appellees' title arises out of the failure of the petition in the original action to make the daughter of Hattie Wells a party and proceed against her by warning order as an unknown devisee or heir of James H. Button and make proof of the facts creating the presumption of her death. No other defect of title is relied on by appellant, but while the things alleged by him were not done in that action, all the facts raising the legal presumption of the grand-daughter's death, alleged in that action, are repeated by appellees' pleadings in the instant case and, in addition, sustained by the admitted statement of facts, which show, not only her continued absence from this state for fifty-four years, but, also, that during the whole of that time she has not been seen or heard from by her brother, other relatives or any person whatsoever.   While appellant might have required proof by witnesses of the above facts, he did not do so, but agreed to their truth, which estops his denial of them now, and also to complain of the alleged defect in appellees' title to the land. Kentucky Statutes, section 1639, provides:

''If any person, who shall have resided in this state, go from and do not return to this state for seven successive years, he shall be presumed to be dead, in any case wherein his death shall come in question, unless proof be made that he was alive within that time.''

It will be found by an examination of the many decisions of this court, making application of the provisions of this statute, that when the facts are established which create such presumption of death the burden of proof is shifted to the person attacking the presumption to prove that the person claimed to be dead is still alive. Bank v. Board of Trustees, 83 Ky. 219; Gray v. McDowell, 6 Bush 475; Lou. School Board v. Bank, 86 Ky. 150; Mutual Life Ins. Co. v. Martin, 108 Ky. 11.

Although a purchaser of land cannot be compelled to take a doubtful title, he will not be permitted to object to a title on account of a bare possibility that it will prove defective. Elliott on Contracts, vol. 3, section 2332. On the facts presented we find no reason for holding that the deed tendered appellant by appellee will not convey him a good and merchantable title to the land in question. Wherefore the judgment is affirmed.