## War Fork Land Company et al. v. Carr.

(Decided December 9, 1930.)

454

A. W. BAKER for appellants.

J. R. LLEWELLYN for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

James Carr instituted an action against the War Fork Land Company and the Bond Foley Lumber Company, alleging that he was the owner in fee simple of a one-twentieth undivided interest in a tract of land, and seeking recovery thereof, together with damages for timber taken therefrom. The defense was a denial that plaintiff owned any interest in the land, and an affirmative claim that defendant owned it by virtue of a certain deed of conveyance from James Carr and others to Maggie Marcum, from whom defendants derived title. The circuit court adjudged to the plaintiff an undivided one-twentieth interest in the land and awarded him $100 in damages. The defendants have prosecuted an appeal.

It is conceded that William Carr died intestate the owner of the land in controversy, which descended to his heirs at law.

It is also conceded that the plaintiff, James Carr, was one of the five heirs of William Carr and inherited from his father an undivided one-fifth of the land. It is admitted that John Carr, another son of William Carr, who inherited a like interest in the land, subsequently disappeared to parts unknown, and has not been heard from for more than seven successive years.

It is admitted also that the interest of John Carr in the land descended to his four brothers and sisters, and that James Carr thereby became the owner of an undivided one-twentieth interest therein. But it is insisted that the conveyance from James Carr and the other heirs of William Carr, except John Carr, who did not join therein, conveyed the entire interest of James Carr in the land, including his after-acquired interest, which inured to the benefit of his grantee and her vendees.

The doctrine prevails that one who conveys, with a covenant of warranty, land to which he had not the title, but which he subsequently acquires by deed, devise, or descent, will be estopped to claim the land against his warrantee, to whom the title thereafter acquired inured by virtue of the conveyance and covenant of warranty. Perkins v. Coleman, 90 Ky. 611, 14 S. W. 640, 12 Ky. Law Rep. 501; Thomas v. Bland, 91 Ky. 1, 14 S. W. 955, 12 Ky. Law Rep. 640, 11 L. R. A. 240; Kentucky Union Co. v. Cornett, 112 Ky. 677, 66 S. W. 728, 23 Ky. Law Rep. 1922; Jeffries v. Huff, 155 Ky. 460, 159 S. W. 993; Creekmore v. Bryant, 158 Ky. 166, 164 S. W. 337; Fulton v. Teager, 183 Ky. 381, 209 S. W. 535; Kentucky River Coal Corporation v. Williams, 226 Ky. 93, 10 S. W. (2d) 617; Crider v. Kentenia-Catron Corporation, 214 Ky. 353, 283 S. W. 117.

But that doctrine does not operate to divest a title subsequently acquired when the deed of conveyance is without warranty, or is limited to a transfer of the interest owned by the grantor at the time of the conveyance. Beard v. Griggs, 1 J. J. Marsh. 22; Altemus v. Asher, 74 S. W. 245, 24 Ky. Law Rep. 2416; Johnson v. Johnson, 173 Ky. 701, 191 S. W. 672; Kendrick v. Scott, 200 Ky. 202, 254 S. W. 422. And where a vendor sold land in which he had an undivided interest by inheritance, and subsequently inherited another undivided interest, even though the conveyance contained a covenant of warranty,

the land subsequently inherited did not inure to the benefit of the vendee. Newell v. Burnside Banking Co. (Ky.) 118 S. W. 267, 268; Harkins v. Hatfield, 221 Ky. 91, 297 S W. 1109. A deed with a covenant of general warranty does not convey an after acquired title to land not covered or conveyed by the deed. Burns v. Dillon, 226 Ky. 82, 9 S. W. (2d) 1095. The rule respecting the inurement of benefits does not apply where land is conveyed without authority of the owner. War Fork Land Co. v. Marcum, 180 Ky. 352, 202 S. W. 668. An exception to the general rule is recognized when the conveyance is champertous, contrary to law, or against public policy. Altemus v. Nickell, 115 Ky. 506, 74 S. W. 221, 24 Ky. Law Rep. 2401, 103 Am. St. Rep. 333; Spacey v. Close, 184 Ky. 523, 212 S. W. 127; Harkins v. Hatfield, supra. The deed in this case made by James Carr and others in 1903 did not contain a covenant of warranty. It was nothing more than a quitclaim deed, and the rule relied upon by the appellant has no application.

It is urged that James Carr had acquired the interest of John Carr before the conveyance was made in 1903, and therefore that interest was included in the conveyance. The proof is entirely to the contrary. It is insisted, however, that notwithstanding the proof, facts were admitted in the pleadings which must be accepted as controlling. We do not so construe the pleadings. It was alleged and denied that James Carr was the owner of the land claimed by him. The answer also stated ''that John Carr went from and has not returned to this state for more than seven successive years, and after such absence on the part of said John Carr,'' the conveyance was made. The reply denied the claim of ownership of the land by purchase or otherwise and denied that the deed of 1903 covered or conveyed the particular interest now claimed, and it was not necessary to deny again the matter repeated. Matters of evidence need not be pleaded, and, if pleaded, failure to deny such matter constitutes no admission of the evidentiary facts. Civil Code of Practice, sec. 119; Turner v. Hamlin, 152 Ky. 469, 153 S. W. 778; Yandell v. Anderson et al., 163 Ky. 702, 174 S. W. 481; Morehead v. Anderson, 125 Ky. 77, 100 S. W. 340, 30 Ky. Law Rep. 1137; L. & N. R. Co. v. Reeler, 126 Ky. 328, 103 S. W. 300, 31 Ky. Law Rep. 750, 11 L. R. A. (N. S.) 930, 128 Am. St. Rep. 291, 15 Ann. Cas. 913; Fuller v. Keesee, 104 S. W. 700, 31 Ky. Law Rep. 1099; Illinois Cent. R. Co. v. Fleming, 148 Ky. 473,

146 S. W. 1110. The presumption of death arising from unexplained absence for seven successive years is a statutory rule of evidence made from necessity and for convenience. Section 1639, Ky. Stats.; Bank of Louisville v. Board of Trustees of Public Schools, 83 Ky. 219, 5 S. W. 735, 7 Ky. Law Rep. 185; Gray v. McDowell, 6 Bush, 475; Louisville School Board v. Bank of Kentucky, 86 Ky. 150, 5 S. W. 739, 9 Ky. Law Rep. 433; Hogue v. Yeager, 107 Ky. 582, 54 S. W. 961, 21 Ky. Law Rep. 1299; Mutual Benefit Life Ins. Co. v. Martin, 108 Ky. 11, 55 S. W. 694, 21 Ky. Law Rep. 1465; Duncan v. Glore, 189 Ky. 132, 224 S. W. 678; Hitt v. Campbell, 185 Ky. 80, 214 S. W. 785. The issue between the parties in this case was not affected by failure to deny the allegation mentioned. Moreover, the deed may have been made after the absence of John Carr, and yet before that absence had continued for seven successive years. The presumption of death does not arise until the full statutory period has elapsed. Glasscock v. Weare, 192 Ky. 654, 234 S. W. 216; Mutual Life Ins. Co. v. Louisville Trust Co., 207 Ky. 654, 269 S. W. 1014; Rush v. Eidson, 215 Ky. 526, 286 S. W. 780.

The issue formed by the parties related to the ownership of the interest claimed in the land, and the proof admitted without objection and without contradiction showed that John Carr was living after the deed of 1903 was made, and hence his brothers and sisters could not convey any interest in a prospective inheritance, even if their deed had contained a covenant of warranty. Harkins v. Hatfield, supra.

It follows that the circuit court correctly disposed of the case, and the questions of appellate practice argued in the briefs need not be noticed.

The judgment is affirmed.