McLEAN, Respondent, v. A. O. U. W. GRAND LODGE, Appellant.

(238 N. W. 126.)

(File No. 6774. Opinion filed October 5, 1931.)

Atwater & Helm, of Sturgis, for Appellant.

John T. Milek, of Sturgis (J. H. McCoy, of Longview, Wash., of counsel), for Respondent.

POLLEY, P. J.  This action is brought to recover on a policy of life insurance in which plaintiff is named as beneficiary. Among other defenses set up in the answer is the contention by defendant that there is no sufficient evidence to show that the insured is dead. There is no positive proof of the death of insured, but plaintiff is relying on the presumption of death arising from the fact that the insured has been absent from home and unheard from for a period of seven years.  To support this presumption plaintiff proved that the insured left his home in this state during the month of February, 1907, and went to Clarks, Neb., to visit his mother and attend to some business in connection with his father's estate. While he did not remain there constantly, he was there until as late as the month of June, 1907.  He wrote to his wife, the plaintiff in this action, occasionally until some time during the month of June, 1907, when he wrote to his wife, stating that he had completed his business in Nebraska, that he intended to start home immediately, and would probably be home by the time the letter reached there.  This is the last that was ever heard from him, either directly or indirectly, by his wife.  Extensive and diligent endeavor was made to ascertain his whereabouts, if alive, but without success.  After waiting for a periof of 16 years, plaintiff came to the conclusion that the insured was dead, and filed her claim against the defendant under the terms of the policy.  Such claim was rejected, and this action was commenced during the month of December, 1923.  The case was tried to the court.  Findings of fact, conclusions of law, and judgment were for plaintiff, and from such judgment and order denying a new trial defendant appeals.

Whether the trial court believed the insured to be dead at the time of the commencement of the action we do not know, and whether the evidence in the record is sufficient to support a finding to that effect we express no opinion.  The court refrained from finding that the insured was dead, but made the following finding of fact: "That from and after the month of June, 1907, said Everett E. McLean was never again heard of or seen by either the plaintiff or his mother and brother."

And upon this finding of fact the court made the following conclusion of law: "That the said Everett E. McLean is by presumption of law dead, and the cause of action accrued in favor of plaintiff and against the defendant on or about the 20th day of December, 1923."

This finding and conclduusion are based on the theory that the presumption of death after seven years' unexplained absence prevails as a matter of law as a part of the law of this state, and whether such presumption does prevail in this state is the only question in this case that merits consideration.

Section 2729, Rev. Code 1919, reads as follows: "If any person, upon whose life any estate in real property depends, remains without the United States, or absents himself in the state or elsewhere, for seven years together, such person must be accounted naturally dead, in any action or special proceeding concerning any such property in which his death shall come in question, unless sufficient proof be made in such case of the life of such person."

This section applies only in certain cases involving the title to real property, but, so far as we know, is the only statute that authorizes a presumption of death from seven years' unexplained absence; so that, if there is such presumption, as contended for by respondent, it must be found in the common law; and it is the contention of respondent that under the common law such presumption exists. This contention is based upon the following statement by Greenleaf: "But after the lapse of seven years, without intelligence concerning the person, the presumption of life ceases, and the burden of proof is devolved on the other party." 1 Greenleaf, Ev. § 41. He cites Stephen's Digest Ev. art. 99, which reads as follows: "A person shown not to have been heard from for seven years by those, if any, who, if he had been alive, would naturally have heard of him, is presumed to be dead, unless the circumstances of the case are such as to account for his not being heard of without assuming his death."

This is very different from the rule as stated by Greenleaf. As stated by Greenleaf, there is a presumption of law that a person who has been absent and unheard from for seven years is dead; while as stated by Stephen, the presumption is one of fact to be deduced from the circumstances of the case. To quote from Egger v. Insurance Co. (Wis.) 234 N. W. 328, 329, "As stated by Stephen, the rule has the support of reason; as stated by Greenleaf, it does not." That the rule as stated by Greenleaf has been followed by some courts cannot be denied. Ewing v. Metropolitan Life Ins. Co., 191 Wis. 299, 210 N. W. 819, 820. In this case it is said that "the rule is satisfied by a lack of intelligence or tidings for seven years, even if a reason for the absence is shown. * * *

20

In our state, plaintiff need show no diligent search. It is enough that he shows absence and lack of intelligence for seven years."

But this rule was repudiated by the same court in Hansen v. Central Verein, 198 Wis. 140, 223 N. W. 571, 64 A. L. R. 1284. And in Egger v. Insurance Co., supra, it is said: "The contention upon the facts involved in that case [Hansen v. Central-Verein], that the absentee should be held as a matter of law to be dead because his family had not heard from him for more than seven years, was a challenge to reason and common sense. The absentee had deserted his family, and he was under sentence for abandonment as the result of a prosecution instituted by his own family. It seemed unlikely that he would have written to them under the circumstances, and a presumption of his death because his family had not heard from him for a period of seven years rested upon rather frail support in reason."

■ It was found necessary at an early date in England in cases involving life estates and reversions to establish an arbitrary rule whereby a person who had been absent and unheard from for a certain length of time would be presumed to be dead. This was done by statute 19 Car. II, c. 6 (1667), and the period fixed was seven years. This statute is still in force, and has been enacted into law by statutes of the various states, and is found in section 2729, Rev. Code 1919, above quoted. But, so far as we know, no such general statute was ever enacted in England or in any of the states. The better rule, and the rule that seems to be generally recognized, is that the question whether a particular person is dead or alive is a question of fact to be determined from the evidence and all the circumstances pertinent to the case. In re Board of Education of City of New York, 173 N. Y. 321, 66 N. E. 11; Jones on Ev. § 61 (2d Ed.); Best on Ev. §§ 408, 409.

In Egger v. Ins. Co., supra, it is said:

"Upon reflection, the result appears to be the same for practical purposes whether we say that no presumption arises except in cases of unambiguous circumstances or whether we say that the presumption varies in weight according to the circumstances. In either event, a question for the jury seems to be recognized by all courts, and it is for the jury to determine under all the circumstances whether the absent one is dead or alive. Where the circumstances are unambiguous, and there is no way to account for

the absent one not having been heard of without assuming his death, then the presumption is conclusive of his death. Where the circumstances of his leaving are ambiguous and cast doubt upon the probability of his communicating with him family even though he be alive, then it is for the jury to say whether under the circumstances he would naturally communicate with his family, relatives, or friends if he were alive.

"In the one view, the jury is to determine whether the presumption prevails. In the other, it is for them to determine whether under all the facts and circumstances the absent one is dead or alive. No matter what the philosophic reasoning may be the result is the same, in that a jury question is presented."

█ The court erred in holding that the insured was presumed to be dead as a matter of law, but should have determined the matter as a question of fact upon the evidence and circumstances in the case.

The judgment and order appealed from are reversed.

CAMPBELL, ROBERTS, and RUDOLPH, JJ., concur.

WARREN, J. (dissenting). I am unable to agree with the conclusions reached in the majority opinion. It appears to me that there is ample proof of death to sustain the common-law rule that one may bring such an action as this after the lapse of seven years. The insured was last heard of in June, 1907. The plaintiff offered proof to show that Everett E. McLean was by presumption of law dead and the cause of action accrued in favor of the plaintiff and against the defendant in December, 1923. Appellant argues that McLean was last heard of in June, 1907, and that, if the cause of action accrued in favor of the plaintiff, it must have accrued prior to the month of June, 1914.

Many courts have adopted the rules stated in Greenleaf on Evidence and as further elucidated by Jones, Commentaries on Evidence, there being no statutory enactment in existence in this state concerning the disposition of personal property where one absents himself and fails to return. As the statute of this state refers exclusively to real property, therefore the common law does and should prevail, and in this case the court should apply the law in 1 Greenleaf on Evidence, § 41, that: "After the lapse of seven years without intelligence concerning the person the presumption of life ceases, and the burden of proof is devolved upon the other

party. * * ·* It is sufficient, if it appears that he has been absent for seven years from the particular state of his residence without having been heard from."

Volume 1, Jones, Commentaries on Evidence, § 9, makes the following observation: "A rule of law that courts and judges shall draw a particular inference from particular facts, or from particular evidence, unless and until the truth of the inference is disproved."

The law says that, because there is an instinct implanted within the human breast which urges one who is absent from his home or family to communicate with them, his absence from home for a period of seven years without such communication raises a presumption of death. This presumption is based on this natural human instinct, which normally and generally obtains. It is known to all that at times love is tranformed into hate, and that men leave their families with intention never to communicate with them again, but such was not the case of McLean. He left home for the purpose of visiting his mother in Nebraska. He kept up a correspondence with his family, and even wrote his wife a letter that he would probably reach home before the letter arrived. Under such circumstances I cannot say that, because the absentee or insured has not been heard from, he must not be dead, or that, if he were alive, he would have certainly communicated with his family. It may be that our Legislature will at some future time enact a law that will prescribe definitely concerning the disposition of personal property the same as it has relating to the ownership of real property, and until then we should recognize the existence of the common law which has prevailed and which other Code states such as ourselves still recognize. It is a rule of repose, but necessarily arbitrary in character, somewhat like the statute of limitations. It is a rule to the adopted by the legislative branch of the government rather than by the courts, as presumptions declared by the courts should have the support of reason and human experience. The opinion in the Matter of Board of Education of New York, 173 N. Y. 321, 66 N. E. 11, 12, quotes from Best on the Law of Evidence as follows: "The death of any party once shown to have been alive is matter of fact to be determined by a jury; and as the presumption is in favor of the continuance of life, the onus of proving the death lies on the party who asserts it."

The trial judge indicates that he considered all the evidence, and came to the deliberate conclusion that Everett E. McLean was dead at the time of the commencement of this action, and this conclusion seems to be well supported by authority laid down by the high courts of other states.

Both Jones and Greenleaf on evidence recognize that necessity compels courts to adopt the process of judicial legislation advancing from what is mere recognition of illegitimate steps in legal reasoning to a declaration of the legal effect of certain facts. Like all other rules, it took its shape from necessity of settling property rights, and very often states: "As the courts had to resort to the presumption of the continuance of life, in the absence of direct proof of life or death in order to settle important rights which were often involved, it became equally necessary to adopt some counter presumption in classes of cases where the death of the person would in the ordinary course of events seem more probable than the continuance of life. Accordingly, in analogy to certain English statutes, the courts adopted the rule that 'a person shown not to have been heard of for seven years by those (if any) who, if he had been alive, would naturally have heard of him, is presumed to be dead, unless the circumstances of the case are such as account for his not being heard of without assuming his death.'" Vol. 1, Jones, Commentaries on Evidence, § 61, p. 302.

This rule has been generally developed in many of our states, and, in the absence of a direct statute, we should hold that is the rule that must prevail in this state.

Section 3 of the 1919 South Dakota Revised Code provides: *"The Common Law, Including Law Merchant.* The evidence of the common law, including the law merchant, is found in the decisions of the tribunals. In this state the rules of the common law, including the rules of the law merchant, are in force, except where they conflict with the will of the sovereign power, expressed in the manner stated in the preceding section."

The Supreme Court of Wisconsin construed the seven years' presumption of death rule in a case as early as 1872 in Cowan v. Lindsay, 30 Wis. 586. It quoted at length from Greenleaf in his treatise on the law of evidence in volume 1. Later in the case of Miller v. Sovereign Camp, W. O. W., 140 Wis. 505, 122 N. W. 1126, 28 L. R. A. (N. S.) 178, 133 Am. St. Rep. 1095, the court

followed the same construction, and again in the case of Page v. Modern Woodmen of America, 162 Wis. 259, 156 N. W. 137, 138, L. R. A. 1916F, 438, Ann. Cas. 1918D, 756, it affirmed the former decisions, and the language therein used somewhat clarifies the case at bar: "An examination of the evidence in the instant case satisfies us that it permits only of the inference that plaintiff's husband left his home and place of residence in the early part of March, 1905, and that neither the plaintiff nor any other person has had any tidings or information concerning him or of his whereabouts since the summer of 1905. The evidence clearly establishes the fact that Arthur E. Page had not been heard from for a period of eight years immediately preceding the time of the trial of this case, and that his whereabouts are wholly unknown. Under this state of the evidence the legal presumption that he is dead is established. This entitled the plaintiff to a direction of the verdict in her favor on this issue, and it was error of the trial court to refuse to direct the jury to render a verdict accordingly. Cowan v. Lindsay, 30 Wis. 586; Whiteley v. Equitable L. Assur. Soc., 72 Wis. 170, 39 N. W. 369; Miller v. Sovereign Camp, W. O. W., 140 Wis. 505, 122 N. W. 1126, 28 L. R. A. (N. S.) 178, 133 Am. St. Rep. 1095," and recently announced its adherence in Egger v. Northwestern Mutual Life Ins. Co. (Wis.) 234 N. W. 328. Examining the record as to the evidence presented in this case to justify the learned trial court in making its findings, I find McLean just before leaving home had a long and earnest talk with his wife about their future; that he departed to Nebraska to see his mother and to consult a physician; that he stayed there for some time in order that his father's estate might be settled, that he might receive some funds with which to assist in the caring of his ranching operations; that while there he wrote to his family; in June, 1907, wrote a letter to his wife that he would probably be home before the letter reached them. There was every presumption that he expected to and would return home. The faithful wife has been waiting all these years for his return; in fact, before the action was brought in 1923, sixteen years had elapsed. There is the evidence of a nation-wide search for McLean. The grand recorder of the appellant herein caused notices to be published in several of the large and leading newspapers that have large circulation; that several of the neighbors and friends made searches,

one Cleophas Cardinel communicated with the Grand Lodge. He made trips to California, Oklahoma, Canada, Minnesota, North Dakota, and other places inquiring about McLean; that these searches that he made were not only for his own personal interest but that of the local lodge; that in 1914 the local lodge made a report and sent it to Mr. Neill, the grand recorder, "that the man had been gone for seven years and that there would be a chance now for a claim to be filed." It would seem that everybody was interested in trying to locate the missing man. The home relationship was very good. The evidence discloses that he was very pleasant in his home, paid attention to the children, always surprising them with some little gift; that he always made preference as to kindness and bestowed it on a little invalid child. The evidence in the case must have seemed persuasive and conclusive to the trial court, and I feel that it is conclusive. The Supreme Court of Kentucky in Duncan v. Glore, 189 Ky. 132, 224 S. W. 678, 680, quite fully sustains me in my belief: "It will be found by an examination of the many decisions of this court, making application of the provisions of this statute, that when the facts are established which create such presumption of death the burden of proof is shifted to the person attacking the presumption to prove that the person claimed to be dead is still alive. Bank v. Board of Trustees, 83 Ky. 219, 5 S. W. 735, 7 Ky. Law Rep. 185; Gray v. McDowell, 6 Bush, 475; Louisville School Board v. Bank, 86 Ky. 150, 5 S. W. 739, 9 Ky. Law Rep. 433; Mutual Ben. Life Ins. Co. v. Martin, 108 Ky. 11, 55 S. W. 694, 21 Ky. Law Rep. 1465."

A careful examination of the findings, conclusions, and judgment indicates that the trial judge considered the evidence with a correct understanding of the law in mind, expressed the belief that the length of the absence of the insured from his home was ample to give an opportunity to those forces which are so potent to operate upon the natural leanings and dispositions of the husband and father to re-establish communications with those who are the object of his concern and love. It thus appears that, upon a consideration of all the evidence, weighed in the light of a correct understanding of the law, the trial judge came to the conclusion that Everett E. McLean was dead at the time of the commencement of this action. The findings and conclusions of the trial court in my opinion should be sustained.