JUDGE HARDIN
delivered the opinion op the court.
The appellant brought this suit in March, 1869, to recover dower as the widow of E. G. Foulks, in a house and lot in the town of Russellville, which Foulks, having'the legal title, conveyed by mortgage in 1855; and the same, having been sold *569 under a decree foreclosing the mortgage, became vested in theappellee as remote vendee of the purchasers at the decretal sale. The defense, not controverting the fact that the plaintiff was the wife of Foulks and entitled to dower in the property-in the event of his death, presented the question whether he was or not living at the time of the institution of the suit.
It appears from the evidence that E. G. Foulks left his family and home in Logan County in 1855, and departed from this state, broken in fortune and to some extent demoralized in his habits, but expressing to his friends the intention by some means- of improving the condition of himself and family, and that he never returned, nor did he communicate with his family except by letters written during the first two years of his absence; and that on leaving he made several contradictory statements as to the place of his destination and the business he intended to engage in. There is some evidence that un~ happy relations existed between himself and wife, but not of a character, we think, to induce their separation, or justify the belief that he would in his prolonged absence, if living, endeavor to avoid identification or produce the conclusion that he was dead. And although certain rumors are proved that Foulks was seen and recognized in the Confederate army during the war, and within seven years next before this action was commenced, the evidence concerning them is too conflicting and unsatisfactory to repel the legal presumption that he was dead; nor do we think such a deduction can be drawn from' the other facts conducing to explain the motives of Foulks in leaving his home.
By section 22 of chapter 35 of the Revised Statutes it is declared that “if any person who shall have resided in this state go from and do not return to this state for seven successive years, he shall be presumed to be dead in any case where his death shall come in question, unless proof be made that he was alive within that time.”
*570 Ill the judgment of the circuit court dismissing the petition, and from which this appeal is prosecuted, the opinion is expressed that it was not intended by the foregoing provision “that this mere presumption of death should entitle a supposed, or rather a presumed, widow to dower in land which had been regularly and legally conveyed by the husband.” We are of a different opinion. Looking to the intention as well as the express language of the statute, we can perceive no sufficient or maintainable ground for the distinction taken by the circuit judge, and on which his decision seems to have been founded.
It seems to us the appellant was entitled to the relief which she sought, and the court should have so adjudged.
Wherefore the judgment is reversed, and the cause remanded, with directions to render a judgment in conformity with this opinion.