PAGE, Appellant, vs. MODERN WOODMEN OF AMERICA, Respondent.

*January 11—February 1, 1916.*

*Death: Presumption from absence: Life insurance: Benefit societies: Waiver of proofs of death.*

1. Proof of diligent search and inquiry is not required to establish the presumption of death of a person who has been absent from his home or place of residence for seven years without being heard from.
2. In an action upon a benefit certificate, proof that the insured (plaintiff's husband) left his home in March, 1905, that neither the plaintiff nor any other person had had any tidings or information concerning him since the summer of 1905, that he had not been heard from for eight years prior to the trial, and that his whereabouts were wholly unknown, established the legal presumption that he was dead.

3. The refusal of a benefit society, after being notified of the presumed death of a member by reason of his not having been heard from for more than seven years, to furnish to the beneficiary blanks for proof of death, constituted a waiver of its requirement that proof of death should be made on blanks to be' furnished by it before an action could be maintained on the benefit certificate.

APPEAL from a judgment of the circuit court for Polk county: ORREN T. WILLIAMS, Judge. *Reversed.*

This is an action by the plaintiff to recover on a benefit certificate for $2,000 issued by the defendant upon the life of Arthur E. Page, the husband of the plaintiff, and payable upon his death.

The defendant is a corporation organized and doing business under the laws of the state of Illinois. The plaintiff's husband, Arthur E. Page, became a member and was insured in the defendant order in the state of Iowa on the 5th day of January, 1901. Sometime after the month of June, 1903, the membership was transferred to the local camp at Frederick, Wisconsin.

The evidence discloses that the plaintiff and Arthur E. Page were married in the year 1880. They lived at Morse, Iowa, for about three years after their marriage, during which time they resided on a rented farm. In the fall of the third year Mr. Page went to Stratton, Nebraska, to take up a homestead and the plaintiff joined him the following April. Mr. Page remained there eight years, six of which the plaintiff was with him. During the time they resided upon the homestead Mr. Page spent six weeks in Colorado with a surveying outfit, two months in the eastern part of Nebraska, and then went to the state of Washington. On this Western trip he was away a little less than a year, going to Tacoma and San Francisco. During all of this time he had worked his timber claim and homestead enough to comply with the law. After his return from the West the family lived in Stratton for about three months and then returned to Morse,

Iowa, where Mr. Page rented different farms for a period of eight or nine years. At the expiration of this period Mr. Page went to southern California, but failing to find any suitable occupation he returned home and he and his family moved to Frederick, Wisconsin. This was in the year 1903. Mr. Page purchased eighty acres of land at Frederick, and while living there was engaged in cutting timber from this land and making cord-wood. About January 12, 1905, he had 200 cords of wood for sale. He went to St. Paul, Minnesota, to sell the same, and arranged with one Coburn of Frederick to load and ship the wood to him as he sold it. After selling the greater part of this wood in St. Paul Mr. Page left there, and early in March ceased to write to his wife or to any one else at Frederick. He never returned to Frederick. The evidence tends to show that he was friendly with the plaintiff, that he was attached to his children, and that he manifested respect and esteem toward them. The plaintiff has not heard from him directly since the 2d day of March, 1905. Mr. Page had some financial obligations and some payments were due about the time of his disappearance. Plaintiff made inquiries of relatives and friends as to his whereabouts when the time came to pay dues and assessments on the benefit certificate, but they were fruitless. She also advertised in the Woodman paper asking for information concerning him and received no reply. Plaintiff paid his dues and assessments as a member of the defendant company up to November, 1912. About eighteen months after Mr. Page's disappearance plaintiff received a letter from a brother of Mr. Page residing at St. Louis, Missouri, stating that Arthur E. Page had been at his house in St. Louis in the spring or summer of 1905, that he left again, and that he stated at the time that he was going to Galveston, Texas. No further inquiries were made. His son Arthur left home in the latter part of the year that the father disappeared and has not been heard from since.

The court submitted the case to a jury, who returned a general verdict for the defendant.

The circuit court entered judgment on the verdict dismissing plaintiff's complaint with costs. From such judgment this appeal is taken.

. For the appellant the cause was submitted on the brief of *Morris E. Yager,* attorney, and *Holland & Lovett,* of counsel.

For the respondent there was a brief by *Truman Plants* and *Wolfe, Wolfe & Reid,* and oral argument by *W. F. Wolfe.*

SIEBECKER, J. The plaintiff contends that the circuit court erred in submitting to the jury the inquiry whether or not the insured, Arthur E. Page, was dead at the time of the trial. In ruling upon plaintiff's motion for a directed verdict in her favor the court declared that in his opinion the evidence, in the light of the decision in the *Miller Case (Miller v. Sovereign Camp W. O. W.* 140 Wis. 505, 122 N. W. 1126), would justify a direction of a verdict in her favor, but that he deemed it appropriate to take a verdict to lay the foundation for a modification by this court of the rule declared in the decisions of this court as regards the necessity of making diligent search and inquiry to establish the presumptive death of a person who has been absent from his home and place of residence for seven years without being heard from. The earlier authorities of this court on this question and the different rules which obtain in other jurisdictions on this subject were re-examined on the appeal to this court of the *Miller Case,* and it was determined not to modify the rule on this subject as established by the decisions of this court. No considerations have been suggested that have led us to conclude that the rule declared in the *Miller Case* should be modified.

An examination of the evidence in the instant case satisfies us that it permits only of the inference that plaintiff's husband left his home and place of residence in the early part of March, 1905, and that neither the plaintiff nor any

other person has had any tidings or information concerning him or of his whereabouts since the summer of 1905. The evidence clearly establishes the fact that Arthur E. Page had not been heard from for a period of eight years immediately preceding the time of the trial of this case and that his whereabouts are wholly unknown. Under this state of the evidence the legal presumption that he is dead is established. This entitled the plaintiff to a direction of the verdict in her favor on this issue, and it was error of the trial court to refuse to direct the jury to render a verdict accordingly. *Cowan v. Lindsay*, 30 Wis. 586; *Whiteley v. Equitable L. Assur. Soc.* 72 Wis. 170, 39 N. W. 369; *Miller v. Sovereign Camp W. O. W.* 140 Wis. 505, 122 N. W. 1126.

Upon the facts shown the court correctly held that defendant's refusal, through its officers, to furnish plaintiff blanks for proof of death upon her request and notice of Page's presumed death by reason of his not having been heard from for over seven years, constituted a waiver of the defendant's requirement that proof of death shall be made on blanks to be furnished by defendant before action can be brought to recover on the benefit certificate. The evidence shows that a proper request for such blanks was made and was refused. It appears that the company's officers denied liability on the certificate under plaintiff's claim that it had matured by force of the presumption that Page was dead, in the light of all the facts and circumstances showing his disappearance and the absence of any intelligence or tidings that he was alive. Upon this state of the record the plaintiff is entitled to recover the amount due on the certificate.

*By the Court.*—The judgment appealed from is reversed, and the cause is remanded to the circuit court with direction to set aside the verdict and award the plaintiff judgment for the recovery of the amount due on the benefit certificate.

KERWIN, J., took no part.