## Prudential Insurance Company of America v. Gatz.

(Decided November 26, 1918.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, Third Division).

1. Death—Will Be Presumed After Seven Years' Absence.—Section 1639 Kentucky Statutes does not repeal but is simply declaratory of the common law rule that after an absence of seven consecutive years without intelligence concerning the absentee, a presumption of death is created sufficient to throw upon the other party the burden of proving the person to be alive.

2. Death—Presumption After Seven Years' Absence.—Diligent search and inquiry are not necessary before a presumption of death can arise after an unexplained absence of seven years from the place of residence.

SAMUEL S. BLITZ for appellant.

D. MOXLEY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In November, 1900, appellant issued a policy of insurance for $1,000.00 on the life of Arthur W. Gatz, payable to his wife, the appellee, Alice M. Gatz. On March 7, 1917, Alice M. Gatz instituted this action to recover on the policy, alleging that at the time the policy was issued, and for many years thereafter, Arthur W. Gatz lived in Louisville, Kentucky; that he resided in Indianapolis, Indiana, about a year previous to July, 1909; that on July 23, 1909, "he disappeared from his residence, and that he has been absent from his place of residence and from the state of Kentucky for more than seven consecutive years last past, and that he has not been seen or heard from since the 23rd of July, 1909; that the said Arthur W. Gatz left this state and his said residence and has not re-

turned to this state nor his said residence for more than seven consecutive years last past."

The answer traversed the allegations of the petition quoted above and upon a trial, at the completion of the evidence for the plaintiff, defendant entered a motion for peremptory instruction, which was refused. No evidence was introduced for the defendant, and upon instructions submitted by the court, the jury returned a verdict in favor of the plaintiff and a judgment was entered in accordance therewith, from which the defendant has prosecuted this appeal.

The evidence of the plaintiff is in substance that Gatz was a resident of Louisville, Kentucky, all of his life until in 1907 when he moved to Indianapolis, Indiana, and there engaged in the saloon business at 1301 Shelby street, until July 23, 1909, when he disappeared; that upon the morning of his disappearance, as he was leaving the saloon, he said to a friend, "Good bye, Studor, you will never see me any more;" that Studor imparted this information to Mrs. Gatz about an hour later, and that she immediately telephoned to the police department in an effort to locate him before he got away from the city; that she remained in her home adjacent to his saloon in Indianapolis for about ten weeks, when she moved back to Louisville; that within a short time after his disappearance she wrote to the Masonic lodge in Louisville, of which her husband was a member, seeking information of his whereabouts; that later she wrote Studor, in Indianapolis, to ascertain whether or not her husband had returned to Indianapolis or if Studor had heard from or about him; that after she had filed this suit she went to Indianapolis, made a search of the city directory, inquired of several policemen and of the persons living in the neighborhood where she had resided when living in Indianapolis; that she had not seen or heard from or of him since his disappearance on July 23, 1909; that there was no reason in either his home or business life for his going away, and that she did not know why he left.

Plaintiff then introduced in her behalf the father and three brothers of Arthur W. Gatz, who lived in Louisville, and each testified that he had never seen nor heard from or of him since his disappearance from Indianapolis in 1909; that they had never made any ef-

forts to locate him, but that his mother, before her death, had made some effort to locate him; that he had another brother living in Chicago and other relatives in East St. Louis, Illinois, and elsewhere; and that before he left Louisville in 1907 he was somewhat dissipated and neglectful of his wife and children.

It is insisted by counsel for appellant that this evidence for the plaintiff was insufficient to create a *prima facie* case that the insured was dead and that the court was, therefore, in error in overruling defendant's motion for a directed verdict. To sustain this contention appellant presents two arguments: first, that the action was brought under section 1639 of Kentucky Statutes, which creates a presumption of death from seven years' absence only where the person who disappears was at the time of his disappearance a resident of Kentucky; and that as the evidence shows Gatz, at the time of his disappearance, was a resident of and disappeared from the state of Indiana, the evidence was insufficient to establish the cause of action alleged. Second, whether brought under the common law or the statute, a presumption of death does not arise in the absence of a diligent effort to locate the absentee, and that the evidence for plaintiff fails to show any diligence to locate Gatz after his disappearance.

1. Section 1639 of our statutes provides:

"If any person, who shall have resided in this state, go from and do not return to this state for seven successive years, he shall be presumed to be dead, in any case wherein his death shall come in question, unless proof be made that he was alive within that time."

It is contended by counsel for appellant that this statute is inconsistent with the common law rule with reference to the presumption arising from seven years' absence, and that by its enactment the legislature completely covered this subject, and that the common law rule was thereby repealed and is, therefore, no longer in force in this state. The consequence of this argument, if sound, is that the legislature has left one situated as is the appellee, in such a position that there will never be any presumption of death from the disappearance of her husband while a resident of another state, because the act, if given the narrow construction contended for, is applicable only to residents of this state who go from and

do not return to this state; but that such was not the purpose of the legislature and is not the effect of the act we are quite sure. The act is, in our judgment, simply declaratory of the common law as recognized in this state at the time of the enactment, as was, in effect, held by this court in the case of Mutual Benefit Life Insurance Company v. Martin, 108 Ky. 11, wherein it was held that a fair construction of the statute would be to apply it where the person leaving the state is absent for seven consecutive years after he is last heard from, and then to throw the onus of proving the person alive on the other party; and the common law rule was therein stated to be that "after the lapse of seven years without intelligence concerning the person, the presumption of life ceased, and the burden of proof devolved on the other party to show that he was alive." It is true in that case the absentee had disappeared from this state while a resident thereof, but he had been heard from in other states and countries by members of his family repeatedly during the next two years after his disappearance, so that the only difference between the two cases is that in the Martin case the absentee disappeared from this state, while a resident thereof, and was heard from for about two years before he was lost track of in another state; while in the case at bar, a resident of this state moved therefrom and lived in another state for about two years, when he disappeared and all trace of him was lost. But this difference does not seem material when it is admitted that this court has jurisdiction to try the case, because if the statute should be so narrowly construed as to apply only to such persons as disappear from this state while a resident thereof, it is apparent that the legislature did not cover the whole subject of the common law rule, and that the common law rule is still in force and effect with reference to all other persons who disappear and remain away from their place of residence without being heard of for a period of seven years whenever it becomes important in this state to determine whether or not they are still alive. And whether we hold the statute or the common law applicable, it is quite apparent that the statements of the petition with reference to the disappearance and continued absence of Gatz are broad enough to comply with either the statute or the common law rule with reference to a presumptive death.

It is, therefore, apparent that there is no merit in appellant's first contention.

2.   It has been held in several jurisdictions that the presumption of death does not arise from an absence from one's place of residence for seven years without having been seen or heard from until there has been proof of diligent but fruitless effort to locate the absentee, and such seems to be the weight of the more recent decisions.  Some few cases go even so far as to hold that all available sources of information must have been exhausted without result before a *prima facie* case of death is established.   There are many cases, however, holding that search and inquiry are not necessary, and in none of the cases in this state involving this question has it ever been held that it was necessary to make a diligent search and inquiry before the presumption of death could arise, although the question of presumptive death has frequently been before this court.   It was held in the case of Mutual Benefit Life Insurance Company v. Martin, *supra,* although the question of the necessity of diligent search and inquiry does not seem to have been especially considered, that where a person is absent from the place of his residence for seven consecutive years after he is last heard from, a presumption of death is created sufficient to throw upon the other party the burden of proving the person to be alive.  To the same effect are 1 Greenleaf on Evidence, section 41; Foulks v. Rhea, 7 Bush 568; Fuson v. Bowlin, &c., 17 Ky. L. R. 128; Taylor, &c. v. Reisch, 20 Ky. L. R. 1599.  This more moderate rule, we are constrained to believe, is the sound and correct rule in spite of many recent decisions in other jurisdictions holding to the contrary; and that such is true is, we think, exemplified by the facts of the instant case.   Here a wife with a family of little children about her is deserted by her husband, with whom she had no serious trouble, in a city where she had resided for but a short time, and where she had but few friends or acquaintances.   There is no reason shown from the evidence why the husband should have left his business, his home, his wife and his children, and every reasonable presumption would suggest the probability, if not the certainty, that if still alive, he would soon return to or communicate with his wife and children; and it seems to us that under such circumstances a wife might have

awaited with patience and confidence his return unless he was in fact dead, and that after such an absence, unexplained for seven years, the only reasonable or fair presumption is that he was dead. It seems still more clearly evident that under such circumstances, and in the absence of a plain, legal mandate, it would be unfair, unreasonable and unnecessary to place upon the helpless wife the duty, with its attendant expense, of making a diligent inquiry and investigation in all of the places where her absent husband may have had relatives or to which possibly he may have gone, before there can arise a legal presumption of his death, especially since the presumption is rebuttable by a defendant much better equipped with agents all over the country to make such an investigation and equally interested, so far as the subject matter of the litigation is concerned, in ascertaining whether or not he is dead.

It might be, under other circumstances, as where the absentee had no permanent or fixed place of abode, that such an inquiry and investigation ought to be required to raise a presumption of death; but where a person disappears and remains away from his home and his family for seven years after he is last heard of, neither the circumstances of the case nor any reasonable interpretation of the law, statutory or common, suggests a necessity for a diligent search. We are, therefore, unwilling to interpolate into our statute declaratory of the common law the necessity for diligent search and inquiry before a presumption of death can arise after an unexplained absence of seven years from the place of residence, although such interpolations seem to have been made in both the common law rule and statutes almost identical with ours by the courts in some jurisdictions.

The authorities which we have considered may be found annotated in notes in 2 L. R. A. (N. S.) 809; 28 L. R. A. (N. S.) 178; 104 Am. S. R. 198; 8 R. C. L. 709; 13 Cyc. 301. It follows that the trial court did not err in overruling appellant's motion for a directed verdict.

Wherefore, the judgment is affirmed.