# Hill's Administratrix v. Metropolitan Life Insurance Company.

(Decided May 29, 1931.)

(As Modified on Denial of Rehearing October 2, 1931.)

L. SAUNDERS for appellant.

R. L. BRONAUGH, LEO T. WOLFORD, and BRUCE & BULLITT for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On August 27, 1917, the Metropolitan Life Insurance Company issued a policy of insurance for $114 on the life of Melvin Hill, and on January 27, 1919, it issued another policy on his life for $111. Both policies were payable to his estate. In April, 1919, Melvin Hill left his home in Nicholasville, Ky., and never returned. His wife paid the premiums until August, 1930, when she instituted this action to recover on the policies.

She alleged "that on or about the 10th day of April, 1919, in the spring of 1919, the said Melvin Hill left his home in Nicholasville, Jessamine County, Kentucky, and since said time has been gone from the State of Kentucky and has been absent from the State of Kentucky for more than seven successive years and that the said Melvin Hill has not been heard from by any one since his departure from Nicholasville, Jessamine County, Kentucky, and that he has at this time been absent from the State of Kentucky for more than seven consecutive years without being heard of or from by any one and has not to this day been heard of or from by any one and plaintiff alleges that said Melvin Hill is presumed to be dead and is dead." On motion of the defendant the court struck from the petition the allegation that Hill had not been heard from by anyone since his departure from his home. On the trial no witnesses were introduced, but it was stipulated by agreement that plaintiff's witnesses would testify that Hill left his home in Nicholasville, Jessamine County, Ky., in April, 1919, and he did not to their knowledge return to his home, and that the witnesses William Reynolds and Morton Smith would testify "that on or about the —— day of April, 1919, they had a conversation with Melvin Hill in Nicholasville, Kentucky, in which said Melvin Hill stated that he was going to leave the State of Kentucky for the purpose of getting a job. That soon after said conversation said Melvin Hill did leave his home in Nicholasville, Kentucky, and has never to their knowledge returned." The court sustained defendant's motion for a directed verdict in its favor on the ground that plaintiff's evidence failed to show that Hill had departed from the state of Kentucky.

Section 1639 of the Statutes provides:

"If any person, who shall have resided in this state, go from and do not return to this state for

seven successive years, he shall be presumed to be dead, in any case wherein his death shall come in question, unless proof be made that he was alive within that time.''

It is argued by counsel for appellee that under this statute before the presumption of death arises it must be shown (1) that the person who disappears was at the time of his disappearance a resident of the state of Kentucky; (2) that he went from the state of Kentucky; and (3) that he had not returned to the state for a period of seven successive years and, as the proof fails to show that Melvin Hill has left the state, it is contended that the court properly instructed the jury to find for the defendant. This contention would be sound if the statute constituted the whole law on the subject and its language were literally construed. However, the common law was not repealed by the statute. Modern Woodmen of America v. Hurford, 193 Ky. 50, 235 S. W. 24, 21 A. L. R. 1340; Prudential Insurance Co. v. Gatz, 182 Ky. 218, 206 S. W. 299; Mutual Benefit Life Insurance Co. v. Martin, 108 Ky. 11, 55 S. W. 694, 695, 21 Ky. Law Rep. 1465. In the last-cited case the common-law rule was stated to be that ''after the lapse of seven years without intelligence concerning the person, the presumption of life ceased, and the burden of proof devolved on the other party to show that he was alive.''

Under the common-law rule it is not necessary to show that the person who disappears left the state, but only that he departed from his place of residence and has not been heard of for seven years by those who, were he living, would naturally hear from him. Ironton Fire Brick Co. v. Tucker, 82 S. W. 241, 26 Ky. Law Rep. 532; Davie v. Briggs, 97 U. S. 633, 24 L. Ed. 1088; Page v. Modern Woodmen of America, 162 Wis. 259, 156 N. W. 137, L. R. A. 1916F, 438, Ann. Cas. 1918D, 756; Policemen's Benevolent Association v. Ryce, 213 Ill. 9, 72 N. E. 764, 104 Am. St. Rep. 190. The averments of the petition as to Hill's disappearance and continued absence were sufficient under the common-law rule, if supported by proof, to raise a presumption of death and shift the burden to defendant. Evidence should have been introduced to show that Hill had not been heard of for seven successive years by those who would naturally hear of him if he were alive, but appellee cannot complain since it objected to such evidence on the ground that it was

immaterial, and so it would be under the statute which casts the burden upon the defendant when the plaintiff shows that the person alleged to be dead went from the state and has not returned for seven succesive years. That was all that was decided in Fuson v. Bowlin, 30 S. W. 622, 17 Ky. Law Rep. 128. Under the common-law rule, however, the plaintiff must show that the person who disappears departed from his place of residence and has not been heard of for seven successive years before the presumption of death arises and the burden is shifted.

It is argued that there can be no recovery under the common-law rule because there is no proof that a diligent search had been made for Hill. The general rule is that diligent efforts to find the missing person must have been made before the presumption of death arises. It was alleged in the petition that Hill left his home in Nicholasville, Ky., in 1919 and had not been heard of or from by any one since that time. This allegation was sufficient under the common-law rule, and the motion to strike should have been overruled. Under this allegation it could be shown that inquiry had been made of all persons who would naturally hear of or from Hill, and such proof would meet the requirements of the rule as to diligent efforts to locate the absentee.

The court should have overruled the motion to strike and, in the event that proof was introduced under the stricken allegation, should have submitted the question of Hill's death to the jury under proper instructions. Wherefore the appellant's motion for an appeal is sustained, the appeal granted, and the judgment reversed for further proceedings consistent herewith.