## National Life & Accident Ins. Co. v. Pate.

(Decided Nov. 25, 1932.)

L. B. ALEXANDER for appellant.
EATON & BOYD for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This is an appeal by the National Life & Accident Insurance Company against George Pate, seeking reversal of a judgment rendered in the McCracken circuit court in favor of the appellee against the appellant insurance company in the sum of $256.

The National Life & Accident Insurance Company on December 3, 1923, issued an industrial policy of insurance to Tonie Paleo at Paducah, Ky., for the principal sum of $256, which provided that upon the death of the said Tonie Paleo said sum would be paid to George Pate, his father-in-law.

By the evidence it is shown that, soon after the issuing of this policy to the insured Paleo, he delivered it to his father-in-law, the appellee, George Pate, named as beneficiary therein, who has continued to pay the premiums on the insurance policy from its receipt up to the date of the trial of this action.

It further appears that the appellee, George Pate, is a colored man living in Paducah, Ky.; that he had a daughter who, prior to 1923, went to Detroit, Mich., where she met Tonie Paleo, to whom she was married, or, at any rate, they there lived together, representing themselves as man and wife.

In the fall of 1923, the daughter of George Pate ^ced. During her last illness he went to Detroit and upon her death brought her remains for burial back to Paducah, Ky. He was accompanied on the trip by his son-in-law, Tonie Paleo, who assisted in paying the expenses of the trip and the burial. From such time in October, 1923, Paleo remained in Paducah at the home of his father-in-law, George Pate, until a few days before Crismas, when, according to Pate's evidence, he left Paducah by the way of Louisville for Detroit, stating at the time that "he was going back home—he called Detroit his home."

Pate further testifies that, when he went to Detroit upon the occasion of his daughter's sickness and death, it was the second time he had ever seen Tonie Paleo, he having once visited his daughter in Detroit some couple of years before, when he first saw his son-in-law, Paleo, and that the only way he knew or heard anything about Paleo was from his daughter's letters,

and that he never received from nor wrote any letters to Paleo.

Further Pate testifies that "after I brought her back here and had her buried and he stayed awhile here with me and while he was here, I took out this insurance on him," that after so staying with him awhile, Paleo told him he was going back home, which he said was in Detroit, and that he had never since Paleo left Paducah written him, nor known where to write him, nor tried to find out anything about Paleo, or where he was, except upon one occasion four or five years ago, when he states, "a fellow came down here from Detroit and I asked him, 'Did you ever see Tonie Paleo?' and he said he did not" and that such inquiry was the only investigation he had ever made in any way as to Paleo since his stay of about a month with him in Paducah in 1923.

George Pate, on the 28th day of April, 1931, which was some seven years from the time his son-in-law, Paleo, left Paducah, instituted his action in the Mc-Cracken circuit court, alleging the issual and delivery by the appellant to Paleo of the policy sued on, the payment of the premiums thereon, and that the insured, Tonie Paleo, was dead, or presumed to be dead, upon the grounds that he resided in Paducah, Ky., at the time the policy was issued, and continued to reside there for about three weeks thereafter, when he decided to go to Detroit, Mich., and that "on or about the 20th day of December, 1923, he departed from the state of Kentucky, the state of his then residence, and has never returned to said state for more than seven years, and he has not been seen nor heard from in all said time since about the 20th day of December, 1923, and for more than seven years last past, and plaintiff, therefore, says that said insured is to be presumed to be dead"; further he alleges that, not having heard from or of Paleo for more than seven years last past, during all of which time the insured had been absent from the state of Kentucky, he presented proof detailing such facts as to the death of the insured to the appellant on March 27, 1931, and claimed the death benefits provided in said policy, which the appellant has declined to pay and for which he prayed judgment in the sum of $256.

The defendant answered, denying the allegations of the petition, and further, by separate paragraph, pleaded that George Pate had no insurable interest in

the life of Tonie Paleo, and that the procurment of the said policy and the payment of the premiums thereon by him was purely speculative, and that he was not entitled to recover.

Answer was controverted of record, the trial had before a jury, and, at the conclusion of plaintiff's testimony, the appellant offered a peremptory instruction, which the court overruled, and, appellant declining to introduce proof, submitted the case to the jury under an instruction No. 1, upon which the jury found for the plaintiff, and the court thereupon duly entered judgment.

Appellant's motion and grounds for a new trial being overruled, it prosecutes this appeal, complaining that (a) the testimony in this case is not sufficient to justify the judgment against it; (b) the verdict of the jury is not sustained by the testimony; and (c) that the court erred in overruling its motion for a peremptory instruction.

First considering and disposing of appellant's objections (a) and (b), that the testimony in the case is not sufficient to justify or sustain the judgment against it, we find the evidence given by the plaintiff, when testifying in his own behalf, comprises practically all the testimony to be found in the record in support of or to sustain his claim and which testimony details the facts substantially as given above, that Paleo stayed with him for about a month at his home in Paducah following the death of his wife and his return with her father, George Pate, for the purpose of bringing to Paducah her remains for burial; that he had only seen Paleo prior to this visit upon one previous occasion, that being upon his visit to his daughter in Detroit some couple of years before; that he had at no time, either before or since these two occasions, written to or had a letter from the said Paleo, nor had he in any wise heard from or of him during the more than seven years since he had left Paducah for his stated purpose of returning to Detroit, which city Paleo called his home, nor had he, during such period of more than seven years, made any effort by letter, inquiry, or investigation whatsoever to find out what had become of his son-in-law, Paleo, except that upon one occasion four or five years before filing his suit, he happened to meet someone from Detroit, whom he had asked if he

knew anything about the said Tonie Paleo, who answered that he did not.

Appellee's evidence goes no further in the direction of showing that Paleo ever intended to make Paducah, Ky., his place of residence, but merely states that, while Paleo was upon this one occasion in Paducah, where he then came for the purpose of assisting in the burial of his wife, he stayed with appellee in his home for about a month, when he left for Detroit, which he called his home.

The other witnesses introduced for the plaintiff gave no evidence of substance or value bearing on any issue herein, their testimony being only to the effect that they had some recollection of having seen Paleo upon the occasion of the burial of his wife at Paducah, when, during the time of his visit there, he stayed at the home of the plaintiff; that he had left Paducah, as they recalled, sometime before Christmas next thereafter, to go they knew not where; and that they did not know where his home then, or ever was, nor had they ever heard him spoken of since he left.

Appellee contends that upon this evidence and the allegations of his petition he was entitled to go to the jury upon the presumption arising from his not having heard from Paleo for seven years, that the said Paleo was dead, and that he was therefore, as the beneficiary named in the policy sued upon, entitled to collect the insurance provided by it.

Section 1639, Kentucky Statutes, provides:

"If any person, who shall have resided in this state, go from and do not return to this state for seven successive years, he shall be presumed to be dead, in any case wherein his death shall come in question, unless proof be made that he was alive within that time."

Under this statute, the presumption of death arises only when it is shown that the person who has disappeared was at the time of his disappearance a resident of the state of Kentucky, that he went from the state of Kentucky, and that he has not returned to the state for a period of seven years, unless proof be made that he was alive during such period. However, this statute does not constitute the whole law on this subject, as the common law as to this was not repealed by the statute.

Hill's Administratrix v. Metropolitan Life Insurance Co., 240 Ky. 172, 41 S. W. (2d) 935, 936; Modern Woodmen of America v. Hurford, 193 Ky. 50, 235 S. W. 24, 21 A. L. R. 1340; Prudential Insurance Co. v. Gatz, 182 Ky. 218, 206 S. W. 299; Mutual Benefit Life Insurance Co. v. Martin, 108 Ky. 11, 55 S. W. 694, 695, 21 Ky. Law Rep. 1465.

In the case of Hill's Administratrix v. Metropolitan Life Insurance Co. supra, it is stated that under the common-law rule it is not necessary to show that the person who disappears left the state, but only that he, departed from his place of residence and has not been heard of for seven years by those who, were he living, would naturally hear from him. Ironton Fire Brick Co. v. Tucker, 82 S. W. 241, 26 Ky. Law Rep. 532; Davie v. Briggs, 97 U. S. 633, 24 L. Ed. 1088; Page v. Modern Woodmen of America, 162 Wis. 259, 156 N. W. 137, L. R. A. 1916F, 438, Ann. Cas. 1918D, 756; Policemen's Benevolent Association v. Ryce, 213 Ill. 9, 72 N. E. 764, 104 Am. St. Rep. 190.

> In the Hill Case, supra, it was further said:
> "It was alleged in the petition that Hill left his home in Nicholasville, Ky., in 1919 and had not been heard of or from by any one since that time. This allegation was sufficient under the common-law rule, and the motion to strike should have been overruled. Under this allegation it could be shown that inquiry had been made of all persons who would naturally hear of or from Hill, and such proof would meet the requirements of the rule as to diligent efforts to locate the absentee."

In the instant case, the plaintiff in his petition alleged that, at the time the policy of insurance was issued and the first premium paid by him thereon, the insured, Tonie Paleo, resided in Paducah and continued to reside in Paducah for about three weeks afterwards, when he decided to go to Detroit, and on about the 20th of December departed from the state of Kentucky, the state of his then residence, and has never returned to said state for more than seven years, and he has not been seen nor heard from in all of said time. However, while the fact of residence in Kentucky is thus alleged, just as the residence was alleged in the Hill Case, supra, the plaintiff, we are of the opinion, here failed when under this allegation he

attempted to show that inquiry had been made by him of all persons who would naturally hear of or from Paleo, in order to meet the requirements of the rule that diligent efforts should be made to locate the absentee, the general rule as announced in the Hill Case, supra, being that "diligent effort to find the missing person must be shown to have been made before the presumption of death arises."

We are of the opinion that the plaintiff's evidence to the effect that his only inquiry, investigation, or effort made during these seven years to hear of or find out about Paleo was limited to the one occasion upon which he had asked some one from Detroit if he had heard or knew anything about Tonie Paleo, who answered he did not, signally failed to meet and satisfy the requirements of this rule. Plaintiff did not by his testimony as to this one inquiry show that he had made any inquiries during this seven years of Paleo's absence from any one who was likely or reasonably in a position to know anything of Paleo's whereabouts, if living, or who could be reasonably expected to know of his death had he died. Neither does the plaintiff's evidence satisfy the requirement either of the rule under the statute or that of the common law as to showing residence of the absentee at the time of his departure, whether from his home or the state, as plaintiff's testimony as to this goes no farther towards establishing Paleo's residence than to state that Paleo had stayed with him at his home in Paducah for about a month, upon this occasion some seven years ago, when he left to return to Detroit, which he called "home," without then expressing any intention of ever returning to Kentucky.

We are of the opinion that this indefinite testimony constituted no evidence of any diligent effort made by appellee, George Pate, to secure any information concerning the absentee, Paleo, during these seven years or any evidence in the least tending to show that Paducah, Ky., was the home and residence of Paleo at the time of his departure therefrom in December, 1923.

While it is stated in the case of Gooding v. Gooding, 42 S. W. 1123, 1124, 19 Ky. Law Rep. 967, that "to obtain a residence in this state, no length of time is required by law; the intention of the party, and fact of location at any point, make the residence," yet the requirement is that such location fact and intention as to

residence must be shown by the proof to establish it.

In the instant case, it is admitted that the insured Paleo had been a resident of Detroit, Mich., for several years prior to the death of his wife; also that Paleo's purpose at such time in coming to Kentucky was to assist the appellee in burying her. The evidence utterly fails to show, nor does it tend to show, that Paleo came from Detroit to Paducah with any intention of making Kentucky his home and of staying here for any length of time, and no witness testifies as to Paleo's having ever evidenced by word or act any intention to adopt Kentucky as his residence, while, on the other hand, appellee's testimony, which is all the evidence in the record upon this point, is that Detroit, Mich., was the insured's home and that he was returning at the time when last seen or heard of in December, 1923, to his home in Detroit.

The appellee, we conclude, having thus utterly failed to establish the existence of these essential facts upon which his right to invoke the presumption of the death of Paleo because of his seven years' absence, as authorized under both the statute and the common-law rule alike, we are of the opinion that appellant's contention that the evidence in this case was not sufficient to justify or sustain the judgment rendered against it, and that its offered peremptory instruction should have been given, is meritorious and should be sustained. All other questions, presented upon this appeal not herein expressly decided by this opinion, are reserved unprejudiced by it.

We therefore conclude that the appellant's motion for an appeal should be and is sustained, the appeal granted, and the judgment reversed.