# Columbia Life Insurance Co. v. Perry's Adm'x.

(Decided Feb. 13, 1934.)

ROUSE & PRICE for appellant.

JAMES R. McGARRY and JOSEPH P. GOODENOUGH for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

Mrs. Cecelia Perry, administratrix of the estate of John Perry, deceased, has recovered judgment for $1,000 against the Columbia Life Insurance Company, and the latter is appealing.

It is made to appear in the record that in July, 1923; the Young Men's Mutual Life Association of Cincinnati, Ohio, issued a $1,000 policy on the life of John Perry; that thereafter in September, 1931, the Columbia Life Insurance Company of the same city issued an insurance policy, whereby it assumed the insurance risk under the policy theretofore issued by the Young Men's Mutual Life Association.

Cecelia Perry, wife of insured, who was named beneficiary in the policy, instituted this action in the Kenton circuit court on July 14, 1932, seeking to recover

on the policy and as a basis for her recovery alleged that on or about the 5th day of July, 1924, John Perry left the state of Kentucky and has never returned and that nothing whatever has been heard from him by his friends, acquaintances, or relatives since his departure nor have they received any intelligence concerning him; that his family relations were pleasant and happy and there was apparently no cause for a desire on his part to have those relations cease; that diligent effort had been made to locate him but to no avail; that she has made demand upon the company for the principal sum of the policy but payment has been refused. She asked for judgment declaring insured to be dead and that she recover of appellant the sum of $1,000.

The company, by answer, admitted the allegations with reference to the issuance of the policy and the terms and conditions thereof, but denied all allegations relative to the absence of insured.

In a second paragraph it affirmatively pleaded the provision of the policy with reference to notice and proof of death and alleged that proof of the death of insured had not been made in compliance with such provision. In an amended answer, appellant set up a divorce action instituted by Cecelia Perry against John Perry, where he was brought before the court on constructive process and in which judgment was entered on May 11, 1928, granting her a divorce and adjudging a restoration of property as provided by statute. It alleged by reason of this judgment, plaintiff was without right or authority to collect any of the proceeds of the policy sued on.

Thereafter Mrs. Perry filed an amended petition alleging that on November 22, 1932, she had been appointed administratrix of the estate of John Perry and filed therewith a certified copy of her appointment and it was ordered that the action proceed in her name as such administratrix and that the answer theretofore filed be taken as the answer of appellant to her petition as administratrix. It was further ordered that the affirmative allegations of the answer stand controverted of record. On the issue thus made, trial before a jury resulted in a verdict and judgment as above indicated.

Three grounds are urged for reversal, namely, (1) that the court erred in overruling appellant's motion for a directed verdict in its favor; (2) that the instruc-

tions given were erroneous; and (3) that the verdict is against the weight of evidence.

The evidence of Mrs. Perry and a number of witnesses introduced by her is to the effect that John Perry left home at the time alleged in the petition and that his wife and friends and acquaintances have heard nothing whatever from him and have had no information concerning him or his whereabouts, although diligent inquiry has been made through them and through prominent lodges of which he was a member. One child was born to Mr. and Mrs. Perry before he left home and another was born about 2 months thereafter. It is further in evidence that his family relations were pleasant and there is nothing to indicate a reason for a desire to leave his family or to indicate a necessity for his leaving.

Mrs. Laura Spitler testified that she met John Perry in 1918 and saw him quite frequently thereafter and that they were engaged to be married but for some reason the engagement was broken; that in the summer of 1932, while waiting for a stop light at 5th and Vine to change, she saw insured driving an automobile. William Keller and his wife, Goldie Keller, both testified positively that they had seen insured and talked with him in Cincinnati, in June, 1932. Mr. Keller testified that on that occasion he talked with him two or three hours and that insured returned again the next day and he was with him for about an hour. The evidence of these three witnesses is uncontradicted and they stand unimpeached.

Section 1639, Kentucky Statutes, reads:

"If any person, who shall have resided in this state, go from and do not return to this state for seven successive years, he shall be presumed to be dead, in any case wherein his death shall come in question, unless proof be made that he was alive within that time."

In the case of Hill's Adm'x v. Metropolitan Insurance Co., 240 Ky. 172, 41 S. W. (2d) 935, 936, it is said that the quoted section of the statute does not abrogate the common-law rule on the same subject and in the course of the opinion the common-law rule, as quoted from Mutual Benefit Life Insurance Co. v. Martin, 108 Ky. 11, 55 S. W. 694, 21 Ky. Law Rep. 1465, is said to be that "after the lapse of seven years without intelli-

gence concerning the person, the presumption of life ceased, and the burden of proof devolved on the other party to show that he was alive."

Unquestionably the evidence for appellee is sufficient to raise the presumption of death under either the statute or the common-law rule. This much is practically admitted by counsel for appellant, but the presumption of death either under the common law or as created by the statute does not arise until the full period of seven years has elapsed, War Fork Land Co. v. Carr, 236 Ky. 453, 33 S. W. (2d) 308, and then the presumption is rebuttable, Mutual Life Insurance Co. v. Martin, supra. If the evidence of absence is sufficient under the statute or common-law rule to raise a presumption of death, the burden of proof then shifts, and where there is circumstantial evidence tending to rebut the presumption, a question is made for the jury.

There are countless authorities dealing with the presumption arising under the common law or a similar statutory rule, but in comparatively few instances have courts been called upon to determine the effect of positive, direct, and unimpeached evidence that the absentee was seen in life within the seven-year period as against the negative character of proof required to raise the presumption or inference of death. And this is the first time that precise question has been presented to this court. Except in the few isolated instances indicated, the proof relied upon to rebut the presumption like that offered to establish it has been purely circumstantial or has consisted of rumor and unauthenticated report, thus equaling in dignity and quality the character of evidence required to raise the presumption of death. Necessarily in such circumstances it is for the jury to determine the weight and effect to be given the conflicting evidence.

The rule here invoked is in effect a limitation upon the more comprehensive and universal rule that the continuance of life of a person to the common age of man will be assumed in the absence of sufficient proof to the contrary. 8 R. C. L. 707. It is but a rule of evidence (War Fork Land Co. v. Carr, supra) and at best is but a presumption "adopted as a convenient and necessary substitution for proof in order to avoid a deadlock in business affairs." Spiltoir v. Spiltoir, 72 N. J. Eq. 50, 64 A. 96, 98.

The case of Lemire v. National Life Association, 194 Iowa, 1245, 191 N. W. 67, was an action on a life policy where the insured left his home and had not returned and the testimony for plaintiff showed that nothing had been heard from him for a period of seven years. Witnesses introduced by the insurance company testified to having seen insured within the seven-year period. Their evidence was uncontradicted and they were not impeached. The court, in reversing a judgment in favor of the wife on the policy, held that a motion for a directed verdict in favor of the insurance company should have been sustained. However, it should be noted in passing that shortly after insured disappeared, his wife moved to another state and never returned, nor made inquiry of persons who would likely know of his whereabouts.

In Thomas v. Thomas, 19 Neb. 88, 27 N. W. 84, 87, there was offered in rebuttal of proof to establish presumption of death the evidence of several uncontradicted and unimpeached, disinterested witnesses that he was seen alive during the seven-year period. In the course of the opinion it was said:

"Nevertheless, had he remained away for seven years without having been heard of there or elsewhere, so far as known, by the cold rule of law the presumption of his being still alive would cease. But here we have the testimony of several uncontradicted and unimpeached disinterested witnesses that he did return, and was seen in life within considerably less than seven years prior to the date of the marriage of the defendant with the plaintiff."

It was held that there was no evidence to sustain a finding that the absentee was dead.

In the case of Smith v. Smith, 49 Ala. 156, the presumption was sought to be established by affidavits of witnesses who had no interest in the absent person, being neither relatives nor members of his family. It was held that their evidence was overcome and destroyed by the testimony of one credible witness who was acquainted with the absentee and knew his handwriting and had received a letter from him within the seven-year period.

It will be noted that under the provisions of the quoted section of the statute, the presumption of death

will prevail "unless proof be made that he was alive within that time."

Here we have three witnesses who, according to their evidence, could not have been mistaken as to his identity and who testified that they saw insured in Cincinnati just across the river from his former home within the seven-year period of his alleged absence. They stand uncontradicted and unimpeached, and, so far as the record discloses, they are disinterested. In the light of the authorities cited and the manifest purpose of the statute as indicated by the proviso, there is no escape from the conclusion that the testimony of these three witnesses completely overcame and destroyed all evidence upon which to base a presumption of the death of insured. It follows therefore that the court erred in not sustaining appellant's motion for a directed verdict in its favor. All other questions are reserved.

Judgment reversed and cause remanded for a new trial and for proceedings consistent with this opinion.