## Commonwealth Life Ins. Co. v. Caudill's Adm'r.

(Decided Dec. 15, 1936.)

E. C. WOOTON and D. G. BOLEYN for appellant.

C. A. NOBLE and HENRY L. SPENCER for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The case involves the presumption of death through absence and being unheard of for seven years.

The life of Watson E. Caudill was insured by the Commonwealth Life Insurance Company in the sum of $5,000. The premiums paid kept the policy in force until December 24, 1924. The petition of his father, appointed as the administrator of his estate, alleges that he died October 27, 1924, by accidental means. Circumstances of his death, or alleged death, are related, and upon those allegations recovery of the insurance is

asked. Judgment was recovered upon a verdict, and the defendant appeals.

Caudill was twenty-four years old and had been employed as a railroad conductor. He was also a gambler. We give a resume of plaintiff's evidence. Early in the evening of October 27, 1924, he had been gambling in a building at the edge of the river in Hazard. He reported to his brother that a "bad man from Breathitt county" had held up the game and taken his money, and he wanted to get hold of some more. He went back to the place shortly after midnight, saying, "They have run me off from my money and I have too much on that table to lose." Eli Couch, who accompanied Caudill, testified:

> "I heard them wrestling. After he went in there, I started to go in and met big Ed Spicer. He threw a pistol on me and asked me what in the hell I was looking for."

The witness ran back on the street and told John Smith, a deputy sheriff, that he believed they were fighting in there, and Smith responded: "I don't care if they kill one another—they have done broke me and I don't care." The river was up, and Couch heard a splashing noise. Spicer was subsequently killed and John Smith is also dead. Others who were said to have been present denied knowing anything about the occurrence. The next day search was made of the premises and elsewhere, and later a widespread investigation and search were instituted without finding any trace of Caudill. The evidence shows a diligent search was made to locate the man, but the last that was ever seen or heard of him was that night in the gambling place.

But there are some peculiar and significant circumstances attending the disappearance. Caudill had been living with his brother, but having recently had his tonsils taken out he desired to move into a place where there was steam heat. So that day he had packed his trunk, and it was hauled to the front of that place and deposited on the street. This was before the evening train left for Lexington. The railroad men nor any one else ever saw anything more of the trunk. He had squared up his affairs at the bank and had no money due him by the railroad company. Some contradictions were developed on more or less relevant matters which tended

to weaken the evidence as to the location and the fight in the gambling room. Caudill had a sister living in Mineral, Wash., and relatives at different places in Kentucky, but, it was testified, inquiries revealed he had never been with any of them.

The only evidence introduced by the defendant was to establish some contradictions of plaintiff's witnesses on collateral matters. But it sought a continuance during the course of the trial that it might present certain potent evidence, which we shall presently consider.

Section 1639, Kentucky Statutes, provides that if a resident of this state "go from and do not return" to the state for seven consecutive years, he shall be presumed to be dead, unless proof be made that he was alive within that time. But this statutory rule of evidence is not exclusive of the common law. Hill's Adm'x v. Metropolitan Life Insurance Company, 240 Ky. 172, 41 S. W. (2d) 935. This action is brought under the common law, and we may disregard the statute.

There is a presumption of fact of continuance of life until it is overcome or displaced by a more potent presumption of death. It is the common law that if a person has been absent from his usual place of residence for seven consecutive years, and has not been heard from by those who, if he had been alive, would naturally have intelligence of him, a presumption of death is raised. One who relies upon the unexplained absence for the stipulated period to establish the death of another must not only prove that fact, but must also produce evidence of a diligent effort to find the missing person in order to justify the inference that death is the probable reason why he was not heard from. Hill's Adm'x v. Metropolitan Life Insurance Co., supra; National Life & Accident Insurance Co. v. Pate, 246 Ky. 186, 54 S. W. (2d) 663. But it is by no means an absolute presumption. It is open for rebuttal by proof of the existence of the individual, or of circumstances sufficient to overcome it or to raise a conflicting presumption of superior force, or, to speak more accurately, to sustain the original presumption of continuing life. Mutual Benefit Life Insurance Co. v. Martin, 108 Ky. 11, 55 S. W. 694, 695, 21 Ky. Law Rep. 1465; Prudential Insurance Co. v. Gatz, 182 Ky. 218, 206 S. W. 299; Columbia Life Insurance Co. v. Perry's Adm'x, 252 Ky. 793, 68 S. W. (2d) 393; Commonwealth Life Insurance

Company v. Wood's Adm'x, 263 Ky. 361, 92 S. W. (2d) 351. This destruction of the presumption of death may sometimes be by slight evidence, as by the testimony of a credible witness that he has received a letter in the absentee's handwriting within the time. Mutual Life Insurance Co. v. Louisville Trust Company, 207 Ky. 654, 269 S. W. 1014; 17 C. J. 1172.

We hold that the presumption is that the absent person's life ceases and his death occurs at the expiration of the seven-year period, although in some states it is held that death occurred at the date of the disappearance. Glassock v. Weare, Executor, 192 Ky. 654, 234 S. W. 216; War Fork Land Co. v. Carr, 236 Ky. 453, 33 S. W. (2d) 308. In the case at bar, however, we are presented with a pleading alleging that the death of Caudill occurred at the beginning of the period; hence it must have been proven. New York Life Insurance Company v. Brame, 112 Miss. 828, 73 So. 806, L. R. A. 1918B, 86; Glassock v. Weare, Executor, supra; Mutual Life Insurance Co. v. Louisville Trust Co., supra. Such proof was undertaken by circumstantial evidence. So we have the presumption of fact of death, coupled with evidence tending to show that it occurred on October 27, 1924. But for the claim of death as of that time, it would have been necessary that premiums should have been paid on the policy until the expiration of the seven years, else it would have lapsed for nonpayment of premiums. This is under the conception that death came at the end of the seven-year period. Such is the unanimous agreement of the authorities. Mutual Life Insurance Company v. Louisville Trust Co., supra; Security Bank v. Equitable Life Assurance Society, 112 Va. 462, 71 S. E. 647, 35 L. R. A. (N. S.) 159. Ann. Cas. 1913B, 836; Annotations, 75 A. L. R. 630.

In the respects covered by the foregoing, the petition stated and the evidence established a cause of action.

We think the petition was also safe against the demurrer in respect of the failure to allege that proof of death was not furnished the insurance company. The policy provided for payment of the proceeds "upon due proof of death." This is not like the provisions contained in some policies, where the time is stated within which proof is to be filed, and is, therefore, a condition precedent to the right of recovery. Brotherhood of

Railroad Trainmen v. Woods, 256 Ky. 613, 76 S. W. (2d) 911; Equitable Life Assurance Society v. Daniels, 261 Ky. 351, 87 S. W. (2d) 960; Equitable Life Assurance Society v. Skaggs, 262 Ky. 535, 90 S. W. (2d) 731. This is an unqualified agreement to pay upon receipt of proof. There is no stipulation, expressed or implied, that failure to make such proof, or to give notice of loss within a certain time, shall preclude recovery on the policy, or work a forfeiture of the insurer's liability. Compare Fidelity Phœnix Insurance Co. v. Vincent, 224 Ky. 769, 7 S. W. (2d) 203; Home Insurance Co. of New York v. Johnson, 226 Ky. 594, 11 S. W. (2d) 415; Horn's Adm'r v. Prudential Insurance Co., 252 Ky. 137, 65 S. W. (2d) 1017. There was no plea in abatement interposed, and the denial of liability on the grounds other than a failure to furnish proof must be deemed to have waived the right to demand it. Lancashire Insurance Co. v. Monroe, 101 Ky. 12, 39 S. W. 434; Metropolitan Life Insurance Co. v. Maddox (Ky.) 127 S. W. 503; Pacific Mutual Life Insurance Co. v. Cash, 224 Ky. 292, 6 S. W. (2d) 239; National Life & Accident Insurance Co. v. Hedges, 233 Ky. 840, 27 S. W. (2d) 422, 423; Horn's Adm'r v. Prudential Insurance Co., supra; Equitable Life Assurance Society v. Witten, 265 Ky. 448, 97 S. W. (2d) 17.

Coupled with the allegations as to presumed death of the insured was the averment that he had died on October 27, 1924, "by accidental means." In the statement of the case to the jury, plaintiff's counsel disclosed that he would rely upon circumstances indicating murder. Before or at the conclusion of the statement, the defendant moved to set aside the swearing of the jury and to continue the case on the ground of surprise. The motion was overruled. Two days later, during the course of the trial the defendant again moved to continue the case upon the grounds stated in an affidavit of its counsel. The surprise met with as to the change in the manner in which the insured was said by the plaintiff to have met his death was detailed, and, in addition, it was disclosed that because of the reluctance of persons interviewed difficulty had been encountered by the defendant in trying to learn something of the disappearance and absence of the insured. Some of those upon whom the defendant had depended as witnesses had not obeyed their subpœnas, and attachments were still unserved on them. It was also related that the defendant

for the first time had been able to learn from the opening statement of plaintiff's counsel that Caudill was at work for the Louisville & Nashville Railroad Company on the day he met his death, or alleged death, and that counsel had immediately communicated with the master of trains for the division of that railroad on which Caudill had worked. It was then learned that he had been discharged on September 24, 1924, and had cashed his final pay check for a substantial sum on October 21, 1924. The defendant then learned that a certain officer of the railroad company, who resided at Ravenna, one hundred miles distant from Hazard, the place of trial, had in his possession a letter written by Caudill on January 8, 1925, and mailed at Mineral, Wash. That was the residence of his sister. The materiality of this evidence and the ability to obtain the personal appearance of the officer and the letter were set forth. The motion was overruled and the trial proceeded to judgment.

The controlling effect of this evidence is obvious. The nature of the case and the precarious character of the evidence relied on must be taken into consideration. The defendant appears to have been as diligent as circumstances permitted. It had promptly disclosed its first knowledge of the existence of this letter. Often under circumstances like this a party waits until the close of the trial, taking his chances on a favorable verdict, and then tenders the newly discovered evidence as a ground for a new trial. We regard it as an abuse of discretion, and an error, not to have given the defendant a reasonable opportunity to produce this evidence by a recess or continuance. Louisville & Nashville Railroad Co. v. Pugh's Adm'x, 186 Ky. 38, 216 S. W. 69.

A brother of the insured testified he had written the insurance company before seven years after his disappearance with reference to his absence and the policy. Over objection he was permitted to read and file a letter purporting to be a reply. The company had not been called upon to produce the letter the witness had written it. The matter seems of little consequence, except to show that the company regarded the policy as having lapsed on account of nonpayment of premiums. But the evidence should have been excluded in the absence of proof as to the contents of the letter the witness had written, as the meaning of the reply would depend upon

588

that. Peters Branch of International Shoe Company v. Jones, 247 Ky. 193, 56 S. W. (2d) 994.

The instructions given by the court on its own accord seem more favorable than unfavorable to the defendant. It offered several instructions which were rejected. Upon another trial, the evidence being substantially the same, we think it will be better to give the following instruction submitted by the defendant:

"If the jury shall believe from the evidence in this case that Watson E. Caudill disappeared from his home in Perry County, Kentucky, on the 27th day of October, 1924, and that the plaintiff and his family have been unable to get intelligence of the said Watson E. Caudill since said time and that plaintiff has made diligent efforts so to do, you will find that the said Watson E. Caudill is dead, and, if you shall further believe from the evidence in this case, under the facts and circumstances proven in this case, that the said Watson E. Caudill departed this life on either the 27th or 28th day of October, 1924, then you will find for the plaintiff, and, unless you so believe, you will find for the defendant."

For the reasons stated, the judgment is reversed.

Whole court sitting.