# Commonwealth Life Ins. Co. v. Caudill's Adm'r.

Nov. 9, 1938.

E. C. WOOTTON, WOOTTON & WOOTTON and D. G. BOLEYN, and BATSON & CARY for appellant.

C. A. NOBLE and H. L. SPENCER for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

This is the second appeal of this case, the opinion on the former appeal being found in 266 Ky. 581, 99 S. W. (2d) 745. As will be noted in that opinion appellant made a motion for continuance on the ground of surprise and in order that it might produce certain evidence of which it had learned after the case had been called for trial. One of these items of evidence was a letter under date of January 8, 1925, written to an officer of the Louisville & Nashville Railway Company of which Watson E. Caudill had been an employee, and mailed at Mineral, Washington. It was held that it was an abuse of discretion and reversible error not to have given appellant reasonable opportunity to produce this evidence. In reversing the judgment for the reason indicated it was said in effect that the instructions given seemed more favorable than unfavorable to appellant, but the opinion set out the instructions that should be given in the event of another trial if the evidence should be substantially the same. The substance of the evidence at the first trial is fully set forth in the former opinion as also is the applicable law. We shall therefore confine our statement to new or additional evidence developed on the second trial and refer to the former opinion for a detailed statement of other facts.

The principal additional evidence introduced on the second trial was the letter above referred to which reads:

"Mineral, Wash.,
"Jan. 8, 1925.

"Mr. E. C. Sparks, M. T.
"Ravenna, Kentucky.
"Dear Sir:
"Please grant me indefinite lief of absent as I can not tell when I will be able for duty. Drs. has pronounced my case tuberculosis of the bone. And was advised by Drs. to change climates as soon as possible.

"Yours truly,
"W. E. Caudill,
"Mineral, Washington."

Keeping in mind that appellee alleged and attempted to show by evidence that his decedent died on October 27, or October 28, 1924, the significance and importance of this letter introduced in evidence is at once apparent since it bears date January 8, 1925.

To rebut this evidence Lee Caudill, a brother of decedent, testified that after his brother's disappearance he made diligent efforts to locate him or to learn of his whereabouts and fearing that he would lose his position with the railroad wrote this letter, signed his brother's name to it, forwarded it to his sister who resided at Mineral, Washington, and asked her to mail it to the official of the railroad company to whom it was addressed. He introduced in evidence his own writing and the writing of decedent for comparison with the letter. J. M. Caudill, the administrator, was permitted to testify without objections that his daughter who lives at Mineral, Washington, visited his home a short time before the second trial and told him that decedent had not been at her home and that she had not seen or heard of him since his disappearance in October, 1924. Appellant introduced a number of witnesses in an attempt to show that Big Ed Spicer, referred to in the former opinion, died prior to October 27, 1924. Except as above indicated the evidence on the second trial was practically the same as it was on the first and which was held in the former opinion to be sufficient to establish appellee's cause of action.

Under the instruction which this court directed to be given, the jury again found for the administrator and this appeal is from a judgment in conformity with that verdict. In so far as the evidence developed on the former trial is concerned the opinion on the first appeal

is the law of the case, and as will be seen by our statement of the additional evidence introduced, it was merely cumulative, although some of it, especially the letter introduced in evidence, standing alone is of a very persuasive character. However, the jury heard Lee Caudill's explanation of this letter and had for comparison samples of his handwriting and that of his deceased brother.

In view of the rule that the credibility of the witnesses and the weight to be given their evidence are matters peculiarly within the province of the jury, it is obvious that with the additional proof introduced on the second trial there is still ample evidence to establish and sustain appellee's alleged cause of action. Practically every question argued by appellant was disposed of in the former opinion, and therefore for the reasons above indicated and the reasons set forth in that opinion the judgment must be and it is affirmed.