# Metropolitan Life Ins. Co. v. Smith's Adm'x.

Feb. 17, 1942.

Bruce & Bullitt and Donald Q. Taylor for appellant.

R. E. Ray for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

Upon the legal presumption of death, an administratrix was appointed for the estate of Charles Smith and she recovered judgment against the appellant for $290 on a life insurance policy issued June 30, 1930.

The petition may be regarded as sufficient to rest a claim upon the common law rule of presumptive death. It is conceded the evidence does not bring the case within the terms of Section 1639 of the Kentucky Statutes. Smith had lived for several years with Emma Reed whom he treated as if she were his mother. His parents had been dead for sometime. She testified he had gone away and told her she could keep up his insurance, which he, himself, had taken out. Her testimony was variable as to the time of Smith's disappearance, but seems sufficient to show that it was more than seven years before the suit was filed. It is made apparent that she was the person who would naturally have knowledge of him had he been alive; and, while her inquiry and search for him

532

was not extensive, it was enough under the circumstances to take the case to the jury on that point.

For the defense, a neighbor testified that Smith had helped him move a stove in July, 1934, but his testimony was also variable, for he related that he had not seen Smith for ten years. His evidence was not so conclusive as to overcome, as a matter of law, the presumption created by the plaintiff's evidence. Upon an amended petition, when the case shall be returned, it is likely that the element of time will be more satisfactorily taken care of.

Upon the authority of other cases it is stated in Commonwealth Life Insurance Company v. Caudill's Adm'r, 266 Ky. 581, 99 S. W. (2d) 745, 746:

"It is the common law that if a person has been absent from his usual place of residence for seven consecutive years, and has not been heard from by those who, if he had been alive, would naturally have intelligence of him, a presumption of death is raised. One who relies upon the unexplained absence for the stipulated period to establish the death of another must not only prove that fact, but must also produce evidence of a diligent effort to find the missing person in order to justify the inference that death is the probable reason why he was not heard from."

The instruction to the jury omitted to provide that in order to find for the plaintiff the jury must believe from the evidence that a diligent effort to locate Smith had been made without success. For the omission of this element, the appeal is granted and the judgment reversed.