## Bechtold et al. v. Klefken et al.

Nov. 9, 1945.

H. G. Breetz for appellants.

John L. Cushing for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

On December 23, 1932, Herman Klefken, husband of Henrietta Klefken and father of the other appellees, left his home in Covington to go over the river (to Cincinnati, Ohio) for the purpose of buying some turkeys. He failed to return to his home, and has not been heard of since that date. Mr. Klefken was apparently in good health. He was a dutiful husband and father, and furnished a good home for his family. At no time had he expressed an intention of leaving home. In January, 1945, the appellees contracted with the appellants for the sale of two pieces of property in which Mr. Klefken owned an interest. When the deeds were tendered the appellants they raised question as to whether Mr. Klefken should not have been made a party to them. The appellees instituted this action to have the sale contract carried out. The appeal is from a judgment in their favor.

The chancellor found as a matter of law that Mr. Klefken is dead, and his only heirs at law are the appellees, his widow and children.

KRS 422.130 provides: "If any person who has resided in this state goes from and does not return to this state for seven successive years, he shall be presumed to be dead, in any case where his death comes in question, unless proof is made that he was alive within that time."

The parties agree the case at bar does not come within the purview of that statute, because it was not conclusively shown that Mr. Klefken actually left the state, though we have noted he left his home with the intention of going into Ohio. As pointed out in National Life & Accident Insurance Co. v. Pate, 246 Ky. 186, 54 S. W. 2d 663, the aforementioned statute does not constitute the entire law on the presumption of death arising from seven years absence, since the common law rule on the subject was not repealed. Under that rule, one who relies upon the unexplained absence of another for the stipulated period must not only prove that fact, but must also produce evidence of a diligent effort to find the missing person in order to justify the inference that death is the probable reason why he has not been heard from. Commonwealth Life Insurance Co. v. Caudill's Adm'r, 266 Ky. 581, 99 S. W. 2d 745; Metropolitan Life Insurance Co. v. Smith's Adm'x, 289 Ky. 531, 159 S. W. 2d 406. Mrs. Klefken testified that after her husband left home

they made every effort to locate him. They called upon the police, who also made an investigation. An insurance company which carried a policy on his life was notified and it made a diligent effort to locate him. After Mrs. Klefken had paid the insurance premiums for seven years, the Company paid the policy. Mrs. Klefken said also that all of her husband's friends and relatives were contacted and that numerous other inquiries were made as to his whereabouts, but no trace of him was found. Under the circumstances, we think the record fully supports the finding of the chancellor that, as a matter of law, Mr. Klefken is dead.

In a somewhat analogous case of Jackson v. Richardson, 182 Ark. 997, 33 S. W. 2d 1095, 1097, question was raised as to whether an indemnifying bond should be required before the property of the missing person was distributed to his heirs. The Arkansas Supreme Court took the position that, since the chancellor found the missing person was dead, there was no reason for requiring an indemnifying bond, because: ''If proof of death had been made by direct evidence, of course no bond would have been required, and since a fact may be established by circumstantial evidence as well as by direct evidence, there was no occasion to require bond in this case.''

Judgment affirmed.