# Daugherty v. Rouse et al.

March 22, 1949.

Benton, Benton & Ludeke for appellant.

O. M. Rogers for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The purchaser at a partition sale is appealing from the judgment ordering the sale on the ground that it was error to declare Charles M. Rogers, Jr., to be dead and his brother, Elmer F. Rogers, to be his only heir. Reversal is urged upon the grounds that (1) the departed was never a resident of Kentucky, and therefore our presumption of death statute (KRS 422.130) does not apply; and (2) under the common law rule one can not be declared dead in the absence of a showing of a diligent and fruitless search for him.

Charles M. Rogers, Jr., who, if living, would be the owner of an undivided 1/20 interest in the property in question, was born in Oklahoma and lived there continuously first with his parents, then with his brother, until he was 17 years of age. According to the testimony of

his brother, Charles told him in 1922 that he was going out to see the world. He thereupon left and has not been heard from since that date. There is testimony that a newspaper clipping stating that a Charles Rogers had been killed in Texas was shown to the brother, but no investigation was made.

KRS 422.130 follows: "Presumption of death. If any person who has resided in this state goes from and does not return to this state for seven successive years, he shall be presumed to be dead, in any case wherein his death comes in question, unless proof is made that he was alive within that time." Charles M. Rogers, Jr., was never in Kentucky. Obviously, our statute has no application to the case.

It would appear from the able briefs filed by counsel for both parties that there is confusion in the decisions of this Court as to the application of the common law rule relating to the presumption of death. The opinion in the case of Prudential Insurance Co. v. Gatz, 182 Ky. 218, 206 S.W. 299, 301, dealt with a situation where a native of Kentucky disappeared after he had been living in Indiana for a year or so and was never heard from. During the course of the opinion it was said:

"* * * We are therefore unwilling to interpolate into our statute, declaratory of the common law, the necessity for diligent search and inquiry before a presumption of death can arise after an unexplained absence of seven years from the place of residence, although such interpolations seem to have been made in both the common-law rule and statutes almost identical with ours by the courts in some jurisdictions."

The case of Hill's Adm'x v. Metropolitan Life Insurance Company, 240 Ky. 172, 41 S.W.2d 935, dealt with a situation where a resident of Kentucky left his home and was not heard from for more than seven years. The Gatz case was cited in support of the statement in the Hill case that the common law rule was not repealed by our statute, now KRS 422.130. It was said also that, under the common law rule, it was not necessary to show that the person who disappears left the state, but only that he departed from his place of residence and has not been heard of or from for more than seven years by

those who, were he living, would naturally hear from him. Evidence showing that the departed had not been heard from by those who would naturally hear of or from him if he were alive was held to be sufficient to meet the plaintiff's burden. As said in 16 Am.Jur., Death, section 18, the presumption of death has been regarded as a procedural expedient and merely a rule of evidence.

In the case of Bechtold v. Klefken, 300 Ky. 797, 190 S.W.2d 479, several cases are cited in support of the statement that under the common law rule one who relies upon the unexplained absence of another for the stipulated period must not only prove that fact, but must also produce evidence of a diligent effort to find the missing person in order to justify the inference that death is the probable reason why he has not been heard from. See also 16 Am.Jur., Death, section 33. To the extent that the case of Prudential Insurance Co. v. Gatz, supra, is inconsistent with the views herein expressed, it should be and hereby is overruled.

In the case of Metropolitan Life Ins. Co. v. Smith's Adm'x, 289 Ky. 531, 159 S.W.2d 406, it was held that the jury should have been instructed that it must believe from the evidence that a diligent search had been made without success. It was said, however, that the beneficiary of an insurance policy, who stood somewhat in the relationship of a parent to the departed, was the person most likely to hear from him and that, while she had made no extensive search, it was sufficient under the circumstances to take the case to the jury on that point.

We think the case at bar comes within the scope of the rule discussed in the Hill case, which has been followed consistently by this Court. Elmer F. Rogers, with whom the departed made his home after the death of his parents, was the person who most naturally would have heard of or from him if he were living. This witness said that he had not heard of his brother since he left home in 1922. We think this evidence, coupled with the circumstance of the departed's long absence, met the burden placed upon the plaintiff to bring forth evidence showing that the departed had not been heard from for more than seven years and that inquiry had been made of those who would most likely have heard of or from him. Since no evidence was produced to refute the presump-

tion, the chancellor was warranted in finding that Charles M. Rogers, Jr., is dead.

Judgment affirmed.